GRETCHEN DAFFIN
v.
JAMES BOWMAN McCOOL.
No. 2007-CA-1589.
Court of Appeals of Louisiana, First Circuit.
March 26, 2008.
Todd E. Gaudin, Marcus Foote, Bruce Kuehne, Counsel for Plaintiff/Appellant Gretchen Daffin.
Harley M. Brown, Counsel for Defendant/Appellee James McCool.
Before GAIDRY, McDONALD, and McCLENDON, JJ.
McCLENDON, J.
In this suit for partition of community property, the former wife appeals the trial court judgment that failed to award her one-half of the payments she made to reduce the mortgage indebtedness on the former family home. For the reasons that follow, we affirm.
Gretchen Daffin and James McCool were married on April 28, 1978, and divorced on October 18, 1991.[1] In addition to granting a divorce between the parties, the trial court rendered judgment on incidental issues in accordance with stipulations reached by the parties. The judgment awarded the parties joint custody of the minor children with Ms. Daffin being named the domiciliary parent, awarded child support to Ms. Daffin, and awarded the use and occupancy of the former family home to Ms. Daffin, conditioned upon her paying the note thereon, pending the partition of the former family home.
On June 23, 2004, Ms. Daffin filed a petition for the partition of community property. Thereafter, the parties resolved all issues with the exception of the partition of the family home. Trial was held on November 2, 2006, at the conclusion of which the court awarded Ms. Daffin the ownership of the home "upon payment to [Mr.] McCool of one-half (1/2) of the equity, less the payoff." The court fixed the value of the home at $129,500.00, and further ordered Mr. McCool to reimburse Ms. Daffin the amount of $8,072.00, representing one-half of expenses, taxes, and improvements paid by Ms. Daffin. The trial court did not award Ms. Daffin any reimbursement for her payment of the mortgage note on the former family home. Judgment was signed on January 10, 2007.
Ms. Daffin has suspensively appealed, assigning as her only error the trial court's failure to award her one-half of the payments she made, between August 1991 and the date of the partition, to reduce the mortgage indebtedness on the former community property immovable.[2]
After termination of a community property regime, the provisions governing co-ownership apply to the former community property that has not yet been partitioned. LSA-C.C. art. 2369.1; Gore v. Gore, 03-0491, p. 5 (La.App. 1 Cir. 12/31/03), 868 So.2d 758, 761. At that point, each spouse owns an undivided one-half interest in former community property. LSC.C. art. 2369.2; Peters v. Haley, 99-0866, p. 10 (La.App. 1 Cir. 5/12/00), 762 So.2d 695, 702, writ denied, 00-1513 (La. 6/30/00), 766 So.2d 547. Under the co-ownership provisions, the use and management of a thing held in indivision is determined by agreement of all the co-owners. LSA-C.C. Art. 801.
Generally, legal agreements have the effect of law upon the parties, and, as they bind themselves, they shall be held to a full performance of the obligations flowing therefrom. Belle Pass Terminal, Inc. v. Jolin, Inc., 92-1544 (La.App. 1 Cir. 3/1/94), 634 So.2d 466, 479, writ denied, 94-0906 (La.6/17/94), 638 So.2d 1094. In defining the obligations of the respective parties, we must attempt to ascertain the common intent of the parties to the agreement. LSA-C.C. art. 2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. LSA-C.C. art. 2046. In instances where the mutual intention of the parties has not been fairly explicit, the court may consider all pertinent facts and circumstances, including the party's own conclusions rather than adhere to a forced meaning of the terms used in the contract. Naquin v. Louisiana Power & Light Co., 05-2103, p. 7 (La.App. 1 Cir. 3/31/06), 943 So.2d 1156, 1161, writ denied, 00-1741 (La. 9/15/00), 769 So.2d 546; Belle Pass Terminal, Inc., 92-1544, 634 So.2d at 479-80. Intent is an issue of fact that is to be inferred from all of the surrounding circumstances. Naquin, 05-2103 at p. 8, 943 So.2d at 1161; Belle Pass Terminal, Inc., 92-1544, 634 So.2d at 480.
In the case sub judice, the parties entered into a written stipulation on September 30, 1991, concerning several matters incidental to the divorce, including the use of the family home. This agreement was reflected in the October 18, 1991 judgment, which provided, in pertinent part:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Gretchen Leigh Melancon McCool, the plaintiff, is awarded the use and occupancy of the former family home, conditioned upon her paying the note thereon, pending the partition of the former family home.
Ms. Daffin argues that because this language does not include an express waiver of her right to reimbursement, she did not waive this right. Conversely, Mr. McCool contends that Ms. Daffin, by agreement, as reflected in the language of the 1991 judgment, did not reserve her right to seek reimbursement, just as he did not reserve his right to claim rental value.
At the partition trial, Ms. Daffin testified that she understood the agreement and the language of the judgment to mean that she had the exclusive use of the house if she paid the entire monthly note. When specifically asked by the court whether it was her understanding that in exchange for paying Mr. McCool's half of the house note on this community asset she was getting "the whole use of the whole house," Ms. Daffin replied in the affirmative. She also testified that the subject of reimbursement was never mentioned or discussed at that time and only came up in 2004 after contacting an attorney and after the partition suit was filed. Ms. Daffin testified, however, that she did not think she was giving up anything by agreeing to the judgment.
Mr. McCool testified that it was his understanding that the agreement was that Ms. Daffin would pay the entire monthly house note in exchange for her staying there and that he would not owe her anything. He also testified that the first time the subject of reimbursement came up was in 2003 when he consulted several lawyers regarding the house.
The trial court rendered judgment at the conclusion of the trial and initially acknowledged that neither party apparently knew exactly what the 1991 judgment meant. The trial court further recognized that as a general rule, Ms. Daffin, as a co-owner, would be entitled to be reimbursed for the mortgage payments she made. However, the court found that the parties agreed to something else. Both parties testified that they believed that Ms. Daffin received the exclusive use of the former community home in exchange for paying the entire amount of the monthly note. Because the trial court found this to be the agreement of the parties, it did not order reimbursement for any mortgage payments made by Ms. Daffin.
The trial court's factual findings may not be set aside on appeal unless they are manifestly erroneous or clearly wrong. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880 (La. 1993). Finding that the record when viewed in its entirety reasonably supports the trial court's judgment, we cannot say that the trial court manifestly erred.
Accordingly, we affirm the January 10, 2007 judgment of the trial court. Costs of this appeal are assessed to Ms. Daffin.
AFFIRMED.
NOTES
[1] Gretchen McCool remarried in 1992. For purposes of this opinion, we will refer to the plaintiff as Ms. Daffin.
[2] We note that Mr. McCool seeks in his appellate brief to raise additional issues regarding the reimbursement amount that was ordered by the trial court. However, Mr. McCool did not appeal or answer the appeal. An appellee who seeks to have a judgment modified, revised, or reversed in part must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record on appeal, whichever is later. LSA-C.C.P. art. 2133. An appellee's brief does not satisfy the requirements of LSA-C.C.P. art. 2133 as it is neither an answer nor an appeal. Failure to appeal or answer an appeal precludes this court's consideration of any issues subsequently asserted in brief Colvin v. Colvin, 94-2143, p. 2 (La.App. 1 Cir. 10/6/95), 671 So.2d 445 n.2, writ denied, 95-265 (La. 1/5/96), 667 So.2d 522; Hospital Corp. of America v. Robinson, 499 So.2d 246, 249 (La.App. 1 Cir. 1986). Accordingly, we will not address the issues raised only in Mr. McCool's brief