McClendon, j.
 

 |2In this community property partition matter, we issued a rule to show cause why this appeal should not be dismissed and referred the rule to the merits of the appeal. The seminal issue before us is whether a stipulation signed by the parties’ attorneys, but not by the parties themselves, is a consent judgment such that the appellant is not entitled to an appeal. For the following reasons, we dismiss the appeal.
 

 FACTS AND PROCEDURAL HISTORY
 

 On June 23, 2004, Gretchen Daffin filed a petition against her former spouse, James B. McCool, to partition the remaining community property between the parties, particularly the family home. The matter went to trial on November 2, 2006, after which judgment was rendered awarding ownership of the former matrimonial domicile to Ms. Daffin upon payment to Mr. McCool of “one-half the equity less the payoff.” The trial court also awarded Ms. Daffin reimbursements for taxes and repairs, but denied her mortgage payment reimbursement claim. Judgment was signed on January 2, 2007. Ms. Daffin appealed, and on March 26, 2008, we affirmed the trial court’s judgment in an unpublished opinion.
 
 See Daffin v. McCool,
 
 07-1589 (La.App. 1 Cir. 3/26/08), 978 So.2d 1261, 2008 WL 1787367. Neither party sought writs with the supreme court.
 

 Thereafter, Mr. McCool filed a motion to release funds to satisfy the judgment, which was set for hearing on August 22, 2008. After a conference in chambers with the parties’ attorneys, a settlement was reached. Although a minute entry was taken, there was no open court recitation
 
 *122
 
 of the stipulation.
 
 [1]
 
 The judgment was prepared by the attorneys for the parties, who approved the judgment as to substance and form. The judgment was not signed by the | ..parties individually. On September 11, 2008, the judgment was signed by the court.
 

 On October 14, 2008, Mr. McCool filed a motion and order for appeal, which was denied by the trial court on October 27, 2008, with the notation: “In accordance w/CCP art. 2085 a party cannot appeal a judgment in which it acquiesced in.” On December 29, 2008, Mr. McCool filed another motion for appeal, which was signed by the trial court.
 
 [2]
 
 On May 29, 2009, this court,
 
 ex proprio motu,
 
 issued a rule to show cause to the parties why the appeal should not be dismissed because the October 27, 2008 judgment appears to be a non appealable ruling under LSA-C.C.P. art. 2085, and the motion and order for appeal filed on December 29, 2008, appears to have been filed untimely. On September 1, 2009, the rule to show cause was referred to the panel to which the appeal was assigned.
 

 DISCUSSION
 

 In the case
 
 sub judice,
 
 Mr. McCool contends that he never consented to the stipulated amount in the September 11, 2008 judgment. Therefore, according to Mr. McCool, it was clear error by the trial court to conclude that he acquiesced in the judgment.
 

 A compromise is a contract in which the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship. LSA-C.C. art. 3071. It must be made in |4writing or recited in open court. LSA-C.C. art. 3072. An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. LSA-C.C.P. art. 2085.
 

 It is undisputed in this matter that there was no open court recitation and that Mr. McCool did not sign the judgment. Further, although there is nothing in the record indicating that Mr. McCool specifically authorized his attorney to enter into the
 
 *123
 
 stipulation at issue, it is also undisputed that Mr. McCool was represented by counsel during these proceedings and at the time the judgment was submitted. Thus, the remaining issue is whether the signature of Mr. McCool’s attorney, based on the record before us, is legally sufficient to establish Mr. McCool’s acquiescence in the judgment.
 

 Although LSA-C.C.P. art. 2085 references
 
 “a
 
 party,” in
 
 Sullivan v. Sullivan,
 
 95-2122, p. 4 (La.4/8/96), 671 So.2d 315, 817-18, the supreme court stated that for a settlement agreement to be valid and enforceable, it must either be recited in open court and capable of being transcribed from the record of the proceeding or be in writing and signed by the parties or their agents.
 
 See also City of Baton Rouge v. Douglas,
 
 07-1153, p. 5 (La.App. 1 Cir. 2/8/08), 984 So.2d 746, 749,
 
 writ denied,
 
 08-0939 (La.6/20/08), 983 So.2d 1284. Finding that Mr. McCool’s attorney was clearly acting as his agent and representative in submitting the judgment, we conclude that Mr. McCool fully acquiesced in the stipulation and that it constituted a valid compromise. Accordingly, Mr. McCool cannot seek to appeal the September 11, 2008 judgment, and his appeal should be dismissed.
 
 [3]
 

 CONCLUSION
 

 For the above and foregoing reasons, Mr. McCool’s appeal is dismissed at his costs.
 

 APPEAL DISMISSED.
 

 [1]
 

 . The minute entry reflects the stipulation as follows:
 

 Based on the stipulations of counsel and the parties, it was ordered that: The parties stipulate that the clerk shall release unto James B. McCool $49,307.08, plus legal interest from January 10, 2007 from the bond amount posted by Gretchen Daffin, and the remainder shall be disbursed to Gretchen Daffin and her attorney, Todd E. Gaudin, plus costs for this rule. Judgment to be signed when formal judgment is presented to the court.
 

 [2]
 

 . Meanwhile, Mr. McCool applied for supervisory writs. We issued an interim order on April 27, 2009, requesting the trial court to file a per curiam demonstrating how the September 11, 2008 order constitutes a consent judgment under LSA-C.C. art. 3072. The trial court filed its per curiam, dated May 26, 2009, which provides:
 

 The case of
 
 Gretchen Daffin v. James B. McCool
 
 was set on the docket of my court on August 22, 2008. After a conference with the attorneys, a settlement was reached and a stipulation was entered on the record. (See attached minute entry.) The attorneys prepared an order in accordance with [the] stipulation. This order was approved as to substance and form by the plaintiff's and defendant's attorney. On September 11, 2008, I signed the consent order. The order was necessary because the settlement required the Clerk of Court of Ascension Parish to release funds which had been placed in the registry of the court.
 

 Thereafter, on July 22, 2009, we denied the writ, with the following language:
 

 WRIT DENIED. We note that relator may be able to seek redress by filing a direct action in nullity within the time limits provided by law.
 

 [3]
 

 . We need not discuss whether Mr. McCool’s motion for appeal was filed timely, having found that he acquiesced in the stipulated judgment.