CLARENCE E. McMANUS, Judge.
 

 i
 
 statement of the case
 

 Teresa Dileo filed a Petition for Divorce against Vincent Dileo on April 6, 2000. The couple had one child. A consent judgment regarding custody and visitation was entered into on July 19, 2001. The parties again entered into a consent judgment on December 13, 2007. The consent judgment suspended Vincent’s visitation with the child and provided that his visitation would be supervised thereafter. A supervisor was appointed and the judgment provided that Vincent was allowed one hour per week supervised visitation to take place at the office of the court appointed supervisor.
 

 On July 14, 2008, Vincent filed a Rule for Restoration & Normalization of Visitation and Joint Custody, and for Sanctions & Contempt. He requested termination of the supervised visitation and requested that joint custody be restored.
 

 On September 11, 2008, Teresa filed an Exception of No Cause of Action, Exception of Res Judicata, Exception of Prematurity, and Exception of Improper Venue. A hearing was held on October 29, 2008 and on November 21, 2008, the trial court issued a Judgment granting the exception of no cause of action by |3Teresa and finding all other exceptions and motions moot. On December 4, 2008, Vincent filed a motion for reconsideration. On January 26, 2009, before a hearing or judgment on the motion for reconsideration, the trial court issued Reasons for Judgment regarding the granting of the exception of no cause of action. The trial court found that a petition to change custody must allege facts that show a change in circumstances that would warrant the change in custody. Vincent’s Rule requested the court terminate supervised visitation and restore joint custody, but there was a consent judgment from December 13, 2007 in which they had agreed to the supervised visitation and custody arrangement. The trial court found Vincent’s rule did not allege specific facts regarding- a change in the circumstances. Therefore, the trial court found his pleading failed to state a cause of action regarding a change in the custody arrangement stipulated to by the parties in December 2007. The trial court granted Teresa’s exception of no cause of action. The trial court also noted that the exception of improper venue by Teresa had been withdrawn. A motion to appoint an attorney to represent the minor child was con
 
 *1006
 
 tinued without date. All other motions and exceptions were found to be moot.
 

 A hearing on Vincent’s motion for reconsideration was held on March 19, 2009. On March 31, 2009, the trial court denied his motion. Also on March 30, 2009, Vincent filed a Rule for Contempt alleging Teresa had failed and/or refused to schedule eight of these supervised visits in violation of the court’s order.
 

 Vincent now appeals the trial court’s judgment granting the exception of no cause of action. For the reasons which follow, we affirm the trial court’s judgment.
 

 \ ¿DISCUSSION
 

 On appeal, Vincent argues his rule states a cause of action because it attempts to set aside a consent judgment which was improperly entered into. He claims his rule specifically pled acts constituting errors of fact, errors in the principle cause for contract formation, fraud and ill practices, and vices of consent. He further claims he has identified approximately nineteen untruths made in pleadings filed by Teresa, as well as misrepresentations made by Teresa, including that the consent judgment would only be temporary.
 

 In opposition, Teresa argues the trial court did correctly find that Vincent failed to plead specific facts which would warrant a change in custody since the facts alleged were previously known to Vincent and did not directly impact the custody considerations. Teresa does agree with Vincent that the trial court should have addressed the issue of whether or not he can attempt to nullify a consent judgment through a collateral attack. However, she argues Vincent cannot attempt to nullify the consent judgment through a collateral attack for relative nullities. Teresa argues these relative nullity claims related to a judgment must be asserted in a direct proceeding and not in a collateral attack.
 

 When a custody decree sought to be modified is a stipulated judgment, the party seeking to modify the decree must prove (1) that there has been a material change in circumstances since the original custody decree was entered, and (2) that the proposed modification is in the best interest of the child.
 
 Ordoyne v. Ordoyne,
 
 07-0235 (La.App. 4 Cir. 4/2/08), 982 So.2d 899, citing
 
 Evans v. Lungrin,
 
 97-0577 (La.2/6/98), 708 So.2d 731.
 

 In this case, the consent judgment was properly entered into by both parties in December 2007 and accepted by the trial court. That consent judgment provided Vincent with supervised visitation with the child. Vincent’s rule filed in | July 2008 requests that visitation and custody be changed. However, the only reasons given in this pleading for such a change are claims that Teresa provided untrue information in prior pleadings and a claim that he thought the consent judgment was only temporary. These reasons stated in this rule do not provide allegations of facts to show any change in the circumstances of the parties that would necessitate a change in visitation or custody. Therefore, we agree with the trial court and find that Vincent’s rule does not state a cause of action for a change in visitation or custody.
 

 We further note, as the parties both argue on appeal, that it appears Vincent’s rule does attempt to nullify the consent judgment entered into by the parties in December 2007. However, it appears the trial court did not address or rule on this issue. Nevertheless, we find that Vincent’s rale is not the proper procedure for an attempt to nullify the consent judgment.
 

 The nullity of a final judgment may be demanded for vices of either form or substance. La. C.C.P. art. 2001. La. C.C.P. art. 2004 provides that a final judgment obtained by fraud or ill practices
 
 *1007
 
 may be annulled for vices of substance. The proper procedure to seek annulment for vices of substance not apparent in the record or on face of judgment is by direct action to annul judgment.
 
 Coleman E. Adler & Sons, Inc. v. Waggoner,
 
 538 So.2d 1131, (La.App. 5 Cir.1989). In this case, Vincent alleges the consent judgment should be annulled due to vices of substance, however, he did not file a direct action to annul the judgment. Instead, he filed his rule attempting to have visitation and custody changed. Therefore, he did not properly file a direct action to annul the consent judgment.
 

 Accordingly, we find the trial court correctly granted Teresa’s exception of no cause of action, dismissing Vincent’s rule.
 

 [[Image here]]