CLARENCE E. McMANUS, Judge.
| gPlaintiff, Vincent L. DiLeo, Jr., appeals from a judgment of the trial court granting an exception of no cause of action filed by defendant, Teresa Turpin Hansen (formerly DiLeo) and dismissing his claim to annul a consent judgment entered into between the two parties.
The record in this matter reflects that on April 6, 2000, Teresa Dileo filed a Petition for Divorce against Vincent Dileo. A consent judgment regarding custody and visitation of the minor children was entered into on July 19, 2001. On December 18, 2007, the parties entered into a second consent judgment which modified visitation. On July 14, 2008, Vincent filed a Rule in which he sought to vacate the consent judgment of December 13, 2007 and to reinstate the original custody and visitation agreement of July 19, 2001. On September 11, 2008, Teresa filed an Exception of No Cause of Action, Exception of Res Judicata, Exception of Prematurity, and Exception of Improper Venue. On November 21, 2008, the trial court issued a Judgment granting the exception of no cause of action by Teresa and finding all other exceptions and motions moot. Dileo v. Dileo, No. 551-790, 24th Judicial District Court for the Parish of Jefferson, Division “B”.
| ¡.¡Vincent appealed from that judgment on this Court, on January 12, 2010. In his appeal, he alleged that the consent judgment of December 13, 2007 was null. He alleged that he specifically pled acts constituting errors of fact, errors in the principle cause for contract formation, fraud *1122 and ill practices, and vices of consent. He further alleged that he had identified approximately nineteen untruths made in pleadings filed by Teresa, and also misrepresentations made by her, including that the consent judgment would only a temporary measure.
On appeal, this Court found no error in the ruling of the trial court granting the exception of no cause of action. The court first found that the allegations in Vincent’s petition that Teresa provided untrue information and that he thought the consent judgment was only temporary did not provide allegations of fact to show a change in circumstances that would support a change in visitation or custody. The court further found that a petition for change of custody was not the proper vehicle to attempt to nullify a consent judgment. Dileo v. Dileo, 09-597 (La.App. 5 Cir. 1/12/2010), 30 So.3d 1004.
During the pendency of that action, Vincent also filed the instant suit, Dileo v. Hansen (formerly Dileo), No. 667-357 in the 24th Judicial District Court for the Parish of Jefferson, Division “O”, on December 4, 2008. In the petition, he again identified what he alleges are untruths and falsehoods, which he referred to as “gross misrepresentations of fact”, made by Teresa against him in pleadings, and he again alleged that it was represented to him that the judgments would be only temporary. He asserted that these “gross misrepresentations of fact” supported his claims for defamation; for interference and damages to the father/daughter relationship, mental anguish, emotional distress, damage to plaintiffs professional relationship, and interference with career and employment; and, to annul the | ^December 2007 consent judgment pursuant to LSA-C.C. art. 1948 (vices of consent) and LSA-C.C.P. art. 2004 (fraud and ill practices).
Teresa filed peremptory and dilatory exceptions of no cause of action, res judicata, non-joinder, vagueness, want of amicable demand and failure to properly plead.
On July 8, 2009, the trial court rendered judgment denying Teresa’s exceptions, excluding her exception of no cause of action to Vincent’s claim that the consent judgment should be annulled. That exception was granted, dismissing with prejudice Vincent’s claims for relief pursuant to LSA-C.C. art. 1948 and LSA-C.C.P. art. 2004.[1] The trial court deemed that judgment to be final for purposes of immediate appeal. On August 28, 2009, the trial court granted Vincent’s motion for appeal.
In this appeal, Vincent alleges that the trial court erred in dismissing his claims to set aside the consent judgment of December 13, 2007. He contends that the alleged falsehoods he identified in his petition were sufficient to require that the consent judgment be set aside. He points to this Court’s prior opinion in his domestic action, Dileo v. Dileo, supra, for his contention that this claim is proper and should not have been dismissed on an exception of no cause of action. However, that opinion only held that the “proper procedure to seek annulment for vices of substance not apparent in the record or on face of judgment is by direct action to annul judgment,” not by collateral attack via a rule to have visitation and custody changed. Id., at page 1007. It did not hold that Vincent presented a cause of action to annul the consent judgment of December 13, 2007.
A cause of action, for purposes of the peremptory exception, is defined as the operative facts that give rise to the plaintiff’s right to judicially assert the action *1123 15against the defendant. The function of the exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. No evidence may be introduced to support or controvert the exception raising the objection of no cause of action, LSA-C.C.P. art. 931, and for the purpose of determining the issues raised by the exception, all facts pled in the petition must be accepted as true. Ramey v. DeCaire, 03-1299 (La.3/19/04), 869 So.2d 114, 118. In reviewing a trial court’s ruling on a peremptory exception of no cause of action, the appellate court should conduct a de novo review because the exception raises a question of law, and the trial court’s decision is based only on the sufficiency of the petition. Industrial Companies, Inc. v. Durbin, 02-0665 (La.1/28/03), 837 So.2d 1207, 1213.
In this proceeding, Vincent sought to annul the consent judgment, alleging vices of consent, LSA-C.C. 1948, and that it was obtained by fraud and/or ill practices, LSA-C.C.P. art. 2004.
LSA-C.C.P. art. 2004(A) provides that “A final judgment obtained by fraud or ill practices may be annulled.” In State v. Turner, 97-0396 (La.App. 4 Cir. 12/23/97), 705 So.2d 293, 295, the court summarized the jurisprudence as follows:
La. C.C.P. art. 2004 is not limited to actual fraud or intentional wrongdoing. “Ill practice” is any improper practice which operates, even innocently, to deprive a litigant of some legal right. The “legal right” has been defined as the opportunity to appear and assert a defense.
A party seeking to annul a relatively null judgment for fraud or ill practices must assert such grounds in a separate direct action and not collaterally. An action for nullity requires a petition with the adverse party cited to appear as in an ordinary suit.
Courts determine that a judgment has been obtained through fraud or ill practices: 1) when circumstances under which the judgment was rendered showed deprivation of the legal rights of the litigant seeking relief; and 2) when enforcement of the judgment would be unconscionable and inequitable.
|fiA consent judgment is essentially a bilateral contract which is voluntarily signed by the parties and accepted by the court. It has binding force from the voluntary acquiescence of the parties, not from the court’s adjudication. It may be invalidated when a unilateral error exists as to a fact which was the principal cause of the contract. Consent may be vitiated by error, fraud, or duress. La. C.C. art. 1948. The error must concern a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party. La. C.C. art. 1949. (Citations omitted.)
In this case, Vincent presents a list of what he alleges were falsehoods and misrepresentations stated by Teresa in pleadings which caused him to enter into the consent judgment. Because he and/or his counsel received and reviewed each pleading, and knew of the allegations contained therein, these were known to Vincent at the time of the signing of the consent judgment, and cannot be used to annul that judgment. Compare State v. Turner, supra, (in which the appellate court found that a consent judgment in which defendant agreed to pay child support would not be annulled because defendant was unemployed, where defendant was represented by counsel and where defendant knew he was unemployed at the time he signed the consent judgment).
In his petition Vincent asserts that, in addition to the false statements, he was *1124 coerced into signing the consent judgment by “... mistakes of law, namely, in representations to Dr. Dileo that the ‘judgments’ would only be temporary.” However, judgments involving visitation and custody may always be changed, in accordance with the best interest of the child, LSA-C.C. art. 131. Accordingly this allegation, without more, is not sufficient to support a claim to annul the judgment on the basis of error, fraud or duress.
LSA-C.C.P. art. 934 provides that “when the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court.” While we agree that the petition with its current 17allegations fails to state a cause of action, we find error in the trial court’s failure to allow Vincent leave to amend his petition in order to allege facts more specific to support his claim that the consent judgment was obtained by error, fraud, or duress.
For the above discussed reasons, we affirm that portion of the trial court’s judgment that finds that plaintiff failed to state a cause of action, but we reverse that portion of the judgment that dismisses that portion of the suit. We remand this matter to the trial court with instructions that the trial court issue an order to the plaintiffs to amend their petition to state a cause of action against the defendants within a reasonable time delay, pursuant to La. C.C.P. art. 934.
JOHNSON J., dissents with reasons.

. The trial court further granted the exception of vagueness and provided Vincent 30 days to amend his petition. The amended petition was filed on August 7, 2009.