JOHNSON, J.,
Concurs With Reasons.
hi respectfully concur with the result reached by the majority, but not for the reasons stated in their opinion. In particular, I disagree with the majority’s characterization of the judgment on appeal as one granting a motion for summary judgment and the applicability of the law pertaining to summary judgments as being decisive of the issues raised on appeal.
I find the judgment on appeal to be one granting defendant’s ex parte motion to dismiss based on a consent judgment, not the granting of a motion for summary *519 judgment. The only issues appellants raise on appeal relate to the validity and enforceability of the consent judgment, issues the majority somehow find to be irrelevant. I write separately to address the issues raised by appellants.
The consent judgment at issue arose out of the filing of a motion for summary judgment by defendant. There was never a hearing on the motion for summary judgment because prior to the hearing, counsel for both parties entered into a consent judgment wherein they agreed that if plaintiffs did not obtain an expert witness by a certain date, defendant would be entitled to have the matter dismissed with prejudice on ex parte motion. When plaintiffs failed to obtain an expert witness, the trial court granted defendant’s ex parte motion to dismiss. The trial court did not grant a summary judgment.
|20n appeal, appellants argue that the consent judgment was unenforceable because it was not signed by the parties. They maintain the trial court erred in allowing the consent judgment to be signed by their attorney without any showing the attorney had express authority to sign the consent judgment on their behalf. Thus, the issues presented pertain to the validity of the consent judgment and not the propriety of the dismissal based on summary judgment law.
A consent judgment is essentially a bilateral contract which is voluntarily signed by the parties and accepted by the court. It has binding force from the voluntary acquiescence of the parties, not from the court’s adjudication. DiLeo v. Hansen, 09-974, *3 (La.App. 5 Cir. 6/29/10), 45 So.3d 1120. A valid consent judgment must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. La. C.C. art. 3072.
When an agreement is reduced to writing, it must be signed by the parties or their agents. Sullivan v. Sullivan, 95-2122, p. 4 (La.4/8/96), 671 So.2d 315, 317. The First Circuit observed, “[i]f it were necessary for the party to sign the writing that serves as proof of the agreement, often there would be no basis for enforcement, because generally the attorneys rather than the parties negotiate and contract ... agreements.” Dozier v. Rhodus, 08-1813, p. 10 (La.App. 1 Cir. 5/5/09), 17 So.3d 402, 408, writ denied, 09-1647 (La.10/30/09), 21 So.3d 294.
In Dozier, one of the defendants contested the granting of a motion to enforce settlement in a property partition lawsuit. On appeal, the defendant argued that the trial court erred in finding a compromise because his attorney had never been given express, written consent to bind him to a settlement. The court noted that there is no requirement in the law or jurisprudence that lathe express consent necessary to authorize an attorney to enter into a compromise be written. Dozier, 08-1813 at 10, 17 So.3d at 408. The defendant also argued the trial court erred in relying on his attorney’s “apparent authority” to enter into a settlement agreement. Acknowledging that the attorney could not enter into a binding contract without the defendant’s consent, the court found it was clear the defendant was acting through an attorney throughout the entire matter and, thus, his attorney had authority to enter into an agreement. Id. at 10-11, 17 So.3d at 409.
Also, in Daffin v. McCool, 09-785 (La.App. 1 Cir. 12/23/09), 30 So.3d 120, the First Circuit was faced with the issue of whether a stipulation signed by the parties’ attorneys, but not by the parties themselves, is a consent judgment. The court concluded that the defendant’s attorney was acting as the defendant’s agent and representative when the attorney entered into a compromise in a community *520 property partition matter. Id. at 4, 30 So.3d at 123. The court noted that although there was nothing in the record that indicated the defendant specifically authorized his attorney to enter into the stipulation at issue, it was undisputed that the defendant was represented by counsel during the proceedings and at the time the judgment was submitted. The court further determined that because the defendant’s attorney was acting as the defendant’s agent, the defendant acquiesced in the stipulation. As such, the court concluded the defendant could not seek an appeal of the consent judgment in which he acquiesced.
The present case is similar to both Dozier and Baffin. Prior to proceeding to a hearing on defendant’s motion for summary judgment, the parties’ attorneys entered into a consent judgment. The judgment was signed by the attorneys for the parties and the trial court. There is nothing in the record indicating that plaintiffs specifically authorized their attorney to |4enter into the consent judgment at issue. However, the record shows plaintiffs were represented by counsel from the inception of the lawsuit through the time the judgment was submitted. Thus, plaintiffs’ attorney was clearly acting as them agent in submitting the consent judgment.
I find the May 18, 2009 consent judgment was valid despite the fact it was not signed by the parties and, thus, the trial court did not err in dismissing plaintiffs’ lawsuit for plaintiffs’ failure to comply with the consent judgment. For these reasons, I concur with the majority’s decision affirming the trial court’s August 5, 2009 judgment dismissing appellants’ case with prejudice for non-compliance with the May 18, 2008 consent judgment.