MARC E. JOHNSON, Judge.
12Defendant/AppelIant, Vickie Charles Dubose, seeks review of the judgment of default in favor Plaintifl/Appellee, Georgette Laviolette, that annulled and revoked a donation inter vivos from the 29th Judicial District Court, Division “E”. For the following reasons, we overrule the exception of no cause of action, set aside the judgment of default, and remand the matter for further proceedings.
FACTS AND PROCEDURAL HISTORY
This is the second appeal between the parties involving the property located at 134 Pitre Drive-in St. Rose, Louisiana. The following facts are taken from the opinion rendered in Laviolette v. Dubose, 07-916 (La.App. 5 Cir. 3/25/08); 983 So.2d 160, 161-63:
Georgette Laviolette filed a Petition for Damages, Injunction, and For Revocation of Donation on June 7, 2007. Alleging “assault and battery and subsequent course of conduct [by defendant] designed to intentionally inflict emotional distress upon the plaintiff,” plaintiff sought damages for personal injuries, permanent injunctive relief [against defendant], and revocation of a “certain donation.” After obtaining a preliminary default against defendant on July 3, 2007, plaintiff confirmed the default judgment in proceedings dated July 13, _Jj2007. Following testimony from the plaintiff, the trial court granted plaintiff *147 a permanent injunction against defendant and ordered that the described donation from plaintiff to defendant be annulled and revoked. However, the trial court, expressing concern for “the prescription issue,” deferred ruling on the personal injury claim of plaintiff pending introduction of additional admissible evidence and a memorandum on the issue of prescription. The Judgment of Default, consistent with the trial court’s comments and reasons set forth in the transcript, reflects a partial judgment. The district court did not rule on the claim for personal injuries and did not sign that portion of the proposed judgment that had included an order granting an award for personal injuries.
Vickie Charles Dubose filed her Motion and Order of Devolutive Appeal on September 17, 2007. The appeal only addresses the revocation of the donation inter vivos. Defendani/Appellant also filed Peremptory Exceptions of Prescription and No Cause of Action in this Court. Plaintiff/Appellee has filed a Motion to Dismiss the appeal on the grounds that Appellant did not appeal in a timely manner.
In the first appeal, this Court found the trial court’s ruling to be a partial judgment because it did not adjudicate all of Ms. Laviolette’s claims alleged in her petition. This Court further found that the trial court’s ruling could be revised at any time prior to rendition of the final judgment adjudicating all of the claims and rights of the parties because it was not final for purposes of an immediate appeal. Consequently, the appeal was dismissed without prejudice and remanded for further proceedings. This Court stated that the peremptory exceptions filed by Ms. Dubose with the appeal could be heard by the trial court at any time prior to a ruling on the parties’ remaining claims and causes of action. Additionally, Ms. Laviolette’s motion to dismiss was found to be moot.
On remand, Ms. Dubose filed peremptory exceptions of prescription and no cause of action on March 28, 2008. The exceptions alleged Ms. Laviolette’s claims were prescribed because the act of ingratitude for revocation of the donation occurred more than two years prior to the filing of the petition. Ms. Dubose further alleged Ms. Laviolette failed to state a cause of action based upon a failure of consideration. On the same date, Ms. Dubose also filed an answer addressing all Rof the claims alleged in Ms. Laviolette’s petition. In response, Ms. Laviolette filed a motion to strike answer, asserting that Ms. Du-bose was attempting to untimely answer a default judgment revoking the inter vivos donation and injunction confirmed nearly nine months earlier.
On February 5, 2010, the trial court granted Ms. Laviolette’s motion to strike Ms. Dubose’s answer as it related to the injunction and revocation of the donation and denied the motion as to the damages claims. The trial court also overruled Ms. Dubose’s exception of no cause of action and referred the exception of prescription to the merits of the- matter. After discovery and continued trial dates, Ms. Laviol-ette filed a Limited Motion to Dismiss. The limited motion requested dismissal of Ms. Laviolette’s claims with the exception of her claims and causes of action against Ms. Dubose for annulment and revocation of the donation concerning the 134 Pitre Drive property. On October 23, 2013, the order dismissing those claims was signed by the trial judge, which effectively made the July 13, 2007 judgment final. The instant devolutive appeal followed that order. Again, Ms. Dubose has filed peremptory exceptions of prescription and no cause of action with this Court.
*148 ASSIGNMENTS OF ERROR
On appeal, Ms. Dubose alleges the trial court erred in 1) overruling her exception of no cause of action; 2) striking her Answer that was filed prior to the judgment becoming final; and 3) annulling the inter vivos donation of the 134 Pitre Drive property.
LAW AND ANALYSIS

Exception of No Cause of Action

Ms. Dubose alleges the trial court erred by overruling her peremptory exception of no cause of action. In her exception, Ms. Dubose asserted Ms. |fiLaviolette’s petition fails to state a cause of action that could revoke or dissolve the inter vivos donation. She contends the petition does not state what the imposed condition was or how she failed to meet the condition. Ms. Dubose asserts the same argument in her exception filed with this Court.
A cause of action, for purposes of the peremptory exception, is defined as the operative facts that give rise to the plaintiffs right to judicially assert the action against the defendant. Show-Me Constr., LLC v. Wellington Specialty Ins. Co., 11-528 (La.App. 5 Cir. 12/29/11); 83 So.3d 1156, 1159, citing, DiLeo v. Hansen, 09-974 (La.App. 5 Cir. 6/29/10); 45 So.3d 1120, 1122-23. The function of the exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. Id. For the purpose of determining the issues raised by the exception, all facts pleaded in the petition must be accepted as true. Id. In reviewing a trial court’s ruling on a peremptory exception of no cause of action, the appellate court should conduct a de novo review. Id.
A donation inter vivos may be revoked because of ingratitude of the donee or dissolved for the nonfulfillment of a sus-pensive condition or the occurrence of a resolutory condition. La. C.C. art. 1556. A donation may also be dissolved for the nonperformance of other conditions or charges. Id.
After de novo review of Ms. Laviolette’s petition, we find that the allegations are sufficient to state a cause of action for revocation of Ms. Laviolette’s inter vivos donation due to ingratitude. Therefore, the trial court did not err in overruling Ms. Dubose’s exception of no cause of action. We also overrule the exception of no cause of action filed with this Court.
| rFiling of Answer
Ms. Dubose alleges the trial court erred in striking her answer. Ms. Dubose contends that the judgment of default rendered by the trial court on July 13, 2007, did not address all of Ms. Laviolette’s claims and was open for the submission of more evidence, which meant that it was not a valid confirmation of the default judgment. Ms. Dubose argues that because there was no valid confirmation, the trial court should not have stricken her timely filed answer prior to the confirmation of a valid default judgment against her.
Ms. Laviolette maintains the July, 13, 2007 judgment should not be overturned absent any fraud or ill practices. She contends the judgment was a valid default judgment that became final upon the dismissal of her other claims. Ms. Laviolette avers that Ms. Dubose had no mitigating excuse for failing to answer the petition and should not be allowed to have the default judgment set aside seven years later. Ms. Laviolette further contends that the interests of justice and equitable considerations warrant upholding the default judgment.
A defendant shall file his answer within fifteen days after service of citation *149 upon him, except as otherwise provided bylaw. La. C.C.P. art. 1001. When an exception is filed prior to an answer and is referred to the merits, the answer shall be filed within ten days after the exception is referred to the merits. Id. Although La. C.C.P. art. 1001 requires an answer to be filed within fifteen days of service of citation, the Code of Civil Procedure, nonetheless, allows a defendant to file an answer at any time prior to confirmation of a default judgment. Miller v. ConAgra, Inc., 08-21 (La.9/8/08); 991 So.2d 445, 451. A default judgment formally granted after an answer is filed constitutes an absolute nullity under La. C.C.P. art. 2002. Ackel v. Ackel, 05-97 (La.App. 5 Cir. 5/81/05); 905 So.2d 1187, 1139.
In Laviolette, supra, this Court held that the trial court’s July 13, 2007, ruling was a partial judgment subject to revision at any time prior to rendition of the final judgment adjudicating all of the claims and rights of the parties because it was not a final judgment that could be immediately appealed. This Court also held that Ms. Dubose’s peremptory exceptions, which included the allegations regarding the injunction and donation, could be heard at any time prior to the adjudication of all of the causes of action and claims. After the matter was remanded to the trial court, Ms. Dubose filed her peremptory exceptions prior to filing an answer. Following the motion to strike filed by Ms. Laviol-ette, the trial court partially struck Ms. Dubose’s answer. We disagree with the trial court’s ruling.
When the matter was remanded to the trial court, there was no final default judgment rendered by the trial court to prevent Ms. Dubose from filing an answer. This Court expressly stated that the trial court judgment could have been revised. Ms. Dubose filed peremptory exceptions and an answer prior to the dismissal of Ms. Laviolette’s remaining claims. Because the answer was filed prior to a confirmation of a valid, final default judgment, the answer was timely filed and should not have been partially stricken by the trial court. As a result, the July 13, 2007 judgment of default in this matter is an absolute nullity because a timely appearance in the matter was made by Ms. Dubose.[1] Consequently, she is entitled to a trial on the merits.
Therefore, we find the trial court erred in striking Ms. Dubose’s answer relating to the injunction and revocation of the donation. Because the July 13, |s2007 judgment is an absolute nullity, we set it aside and remand the matter for further proceedings. Accordingly, Ms. Dubose’s assignment of error regarding annulment of the donation is now moot.
DECREE
For the foregoing reasons, we set aside the judgment of default in favor of Georgette Laviolette and remand the matter for further proceedings. Upon remand, we order the trial court to address Vickie Charles Dubose’s peremptory exception of prescription. Ms. Laviolette is assessed the costs of this appeal.

EXCEPTION OVERRULED; JUDGMENT SET ASIDE; REMANDED.

. Furthermore, even if Ms. Dubose had not filed an answer, the July 13, 2007 judgment could not be confirmed as valid, final default judgment because Ms. Dubose filed two exceptions prior to the dismissal of Ms. Laviol-ette's remaining claims. See, Hicks v. Reich, 38,424 (La.App. 2 Cir. 5/12/04); 873 So.2d 849, where the Louisiana Second Circuit held that the filing of exceptions constituted a pleading within the meaning of La. C.C.P. art. 852 and is an appearance that prohibits confirmation of a default judgment.