JAMES F. McKAY III, Chief Judge.
hDonna M. Smith (“Ms. Smith”) files this pro se appeal from the trial court’s June 2, 2015 judgment granting an exception of no cause of action in favor of Thomas Ussin Brown (“Mr. Brown”). For the reasons set forth below, we affirm in part and remand.
STATEMENT OF FACTS AND PROCEDURAL HISTORY:
Ms. Smith and Mr. Brown were divorced on December 22, 2009. In connection with the partition of community property, a consent agreement was executed on November 6, 2014. At that time, both parties were represented by counsel. Thereafter, a Community Property Consent Judgment was rendered on December 10, 2014.
Ms. Smith, acting pro se, filed a petition to annul the consent judgment alleging fraud and ill practice on the part of Mr. Brown and duress, coercion, and misrepresentation by Ms. Smith’s attorney.[1] In response, Mr. Brown filed peremptory exceptions of no cause of action and res judicata, along with a dilatory exception of nonconformity of the petition.
|aMr, Brown’s exceptions were heard on April 29, 2015. In a judgment dated June 2, 2015, the trial court granted the exception of no cause of action and rendered all remaining matters moot.[2] Ms. Smith’s appeal followed.
LAW AND ANALYSIS:

Action of Nullity

The nullity of a final judgment may be demanded for vices of form or substance. La. C.C.P. art. 2001. None of the grounds for vices of form under La. C.C.P. art. 2002 apply to the facts of this ease. Concerning annulment for vices of substance, La. C.C.P. art. 2004(A) provides that “[a] final judgment obtained by fraud or ill practices may be annulled.” La. C.C.P. art. 2004 is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to include situations where “[A] judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable.” Hyde v. Cash Control Systems, LLC, 14-0258, p. 8 (La.App. 4 Cir 9/3/14), 150 So.3d 7, 13 (quoting Russell v. Illinois Cent. Gulf R.R., 96-2649 (La.1/10/97), 686 So.2d 817, 819).
Moreover, it is well settled that: A consent judgment is essentially a bilateral contract which is voluntarily signed by the parties and accepted by the court. It has binding force from the voluntary acquiescence of the parties, not from the court’s adjudication. It may be invalidated when a unilateral error exists as to a fact which was the principal cause of the contract. Consent may be vitiated by error, fraud, or duress. La. C.C. art. 1948. The error must concern a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party. La. C.C. art. 1949. (Citations omitted).
State v. Turner, 97-0396, p. 5 (La.App. 4 Cir. 12/23/97), 705 So.2d 293, 295-296; See also DiLeo v. Hansen, 09-0974, p. 6 (La.App. 5 Cir. 6/29/10), 45 So.3d 1120, 1123.

*541
Exception of No Cause of Action

Ms. Smith maintains that the trial court erred in granting Mr. Brown’s exception of no cause of action. Appellate courts conduct a de novo review óf a trial court’s ruling granting an exception of'ho cause of action as the exception presents questions of law. St. Pierre v. Northrop Grumman Shipbuilding, Inc., 12-0545, p. 7 (La.App.. 4 Cir. 10/24/12),, 102 So.3d 1003, 1009 (citations omitted). Therefore, our review entails deciding whether the trial court’s ruling granting the exception was legally correct. Id. (citing Peneguy v. Porteous, 01-1503, p. 6 (La.App. 4 Cir. 5/15/02), 823 So.2d 380, 384).
An exception of no cause of action questions whether the law extends a remedy to anyone under the factual allegations of the petition. Mid-South Plumbing, LLC v. Development Consortium-Shelly Arms, L.L.C., 12-1731, p. 4 (La.App. 4 Cir. 10/23/13), 126 So.3d 732, 736 (citing Fink v. Bryant, 01-0987, p. 3 (La.11/28/01), 801 So.2d 346, 348). No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Thus, the exception is triable on the face of the petition and each well-pleaded fact contained therein must be accepted as true. Mid-South Plumbing, 12-1731, pp. 4-5, 126 So.3d at 736 (citing Fink, 01-0987, p. 4, 801 So.2d at 349).
An exception of no cause of action should only be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Id., 12-1731 p. 5, 126 So.3d at 736 (quoting Fink, 01-0987, p. 4, 801 So.2d at 349). Accordingly, “[e]very reasonable ^interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial.” Badeaux v. Southwest Computer Bureau, Inc., 05-0612, 050719, p. 7 (La.3/17/06), 929 So.2d 1211, 1217 (citing Industrial Companies, Inc. v. Durbin, 02-0665, p. 7 (La.1/28/03), 837 So.2d 1207, 1213).
In the present case, the petition for nullity sets forth the following allegations:
[Ms. Smith] entered into and executed an' agreement under duress and coercion, and misrepresentation made to her by attorney Sharry Sander [sic]. Due to inadequate misrepresentations and collusion between attorney Sanders [sic] and attorney Chanel Debose [Mr: Brown’s attorney] in negotiations of thé terms and conditions of the agreement with falsely assessed values of immovable properties, false listing of community and separate properties and. reimbursement claims. .
* * *
The consent agreement constitutes a composition of ' false representations, fraud' and ill will of Thomas U. Brown with the assistance of legal counsel.
[[Image here]]
[Ms. Smith] seeks to annul the consent judgment reached on her behalf by her former attorney Sharry Sandler, due to fraud and illicit practices of acquiescence to terms 'and conditions conjured by attorney beneficial for Thomas Brown,
It is evident from our review of the petition that the allegations of fraud and ill practice against Mr. Brown are very broad and conclúsory in nature. Fraud must be plead with specificity. See La. C.C.P. art. 856. Here, we find that the allegations are insufficient to meet the requirement of specificity required to plead a cause of action for fraud and ill practice.
Additionally, we note that most of the allegations contained in the petition are directed toward Ms. Smith’s attorney. *542 However, it is well established in our [ .-jurisprudence that improper representation or misconduct of the movant’s attorney is not a legally recognized basis for a nullity action. See Melancon v. D & M Enterprises, 95-0644 (La.App. 4 Cir. 9/28/95), 662 So.2d 54; DeBaillon v. Consolidated Operating Co., 07-1117 (La.App. 3 Cir. 1/30/08), 975 So.2d 682; and Stroscher v. Stroscher, 01-2769 (La.App. 1 Cir. 2/14/03), 845.So.2d 518. Thus, the allegations of misrepresentation and duress, on the part of Ms. Smith’s attorney do not set forth a cause of action herein.
For the foregoing reasons, we find ' that the trial court did not err in granting Mr; Brown’s exception of no cause of action. However, we now consider whether Ms. Smith should be given the opportunity to amend her petition.
La. C.C.P. art. 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot.be, so removed, or if the plaintiff fails to comply with, .the; order to amend, the action, claim, demand, issue, .or theory shall be dismissed. *,
Moreover, as this Court has stated, “[i]f the petition’s allegations are merely con-clusory and fail to specify the acts that establish a cause of action, then the district court should permit the plaintiff the opportunity .to amend the petition.” Ordoyne v. Ordoyne, 07-0235, p. 5 (La.App. 4 Cir. 4/2/08), 982 So.2d 899, 902 (citing Badeaux, 05-0612, 05-0719, p. 11, 929 So.2d at 1219).
While we agree that the petition with its current allegations fails to state a cause of action against Mr. Brown for fraud or ill practice, we are not prepared to find as a matter of law that the basis for the objection to the petition cannot be removed by amendment. Therefore, out of an abundance of caution, we will allow ^amendment of the petition in accordance with La. C.C.P. art. 934., Accordingly, this matter is remanded to the trial court.
CONCLUSION:
For the reasons set forth hereinabove, we affirm that portion of the trial court’s judgment finding that Ms. Smith’s petition for nullity failed to state a cause of action. This case is remanded to the trial court with instructions to allow Ms. Smith the opportunity to amend her petition to state a cause of action, if she can, within a delay deemed reasonable by the trial court.
AFFIRMED IN PART AND REMANDED WITH INSTRUCTIONS

. Initially, Ms. Smith collaterally filed a motion to annul the consent judgment, which was not the proper procedure under La. C.C.P. art. 2004. She subsequently filed a new petition to annul, and the matters were consolidated.

. We note for the record that the judgment rendered by the trial court, while granting the exception of nq cause of action, does not state that Ms. Smith’s action is dismissed.