**DONNA BROWN**

**VERSUS**

**THOMAS USSIN BROWN**

\*     NO. 2023-CA-0132

\*

    **COURT OF APPEAL**

\*

    **FOURTH CIRCUIT**

\*

    **STATE OF LOUISIANA**

\* \* \* \* \* \* \*

**CONSOLIDATED WITH:**

**DONNA BROWN**

**VERSUS**

**THOMAS USSIN BROWN**

**CONSOLIDATED WITH:**

**NO. 2023-CA-0133**

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2008-00850, DIVISION "I-14"
Honorable Lori Jupiter, Judge
\* \* \* \* \* \*
**Judge Paula A. Brown**
\* \* \* \* \* \*

(Court composed of Judge Daniel L. Dysart, Judge Paula A. Brown, Judge Karen K. Herman)

Donna M. Brown
7500 Forum Boulevard
New Orleans, LA 70128

      PRO SE PLAINTIFF/APPELLANT

Timothy Thriffiley
PIVACH, PIVACH, HUFFT, THRIFFILEY & DUNBAR, L.L.C.
8311 Highway 23, Suite 104
P. O. Box 7125
Belle Chasse, LA 70037

      COUNSEL FOR DEFENDANT/APPELLEE

**APPEAL DISMISSED WITHOUT PREJUDICE;
REMANDED WITH INSTRUCTIONS
OCTOBER 03, 2023**

PAB
DLD
KKH

This case involves a dispute over the partition of community property. Appellant, Donna Brown ("Ms. Brown"), appeals the district court's January 5, 2023 judgment, which granted Appellee, Thomas Brown's ("Mr. Brown") rule to make past due rent executory, rule to make judgments executory and rule for access to the matrimonial domicile, and found Ms. Brown to be in contempt of court. Prior to the filing of her notice of appeal, Ms. Brown filed a motion to set aside the district court's judgment; however, this motion never came for hearing and the record does not reflect that this motion was ruled upon. For the following reasons we dismiss the instant appeal without prejudice as premature, and we remand this matter back to the district court to hold a contradictory hearing on Ms. Brown's motion to set aside.

## FACTUAL AND PROCEDURAL HISTORY

This case has a storied and contentious history. Its inception commenced when Ms. Brown filed a petition for divorce against Mr. Brown on October 8, 2008, which was subsequently granted on December 22, 2009. On April 4, 2012,

1

Mr. Brown filed a petition for partition of the community property. Over the course of the next thirty-two (32) months, multiple pleadings were filed by each party—the net result was a written stipulation and a consent judgment, which was approved by the district court on December 10, 2014. As part of that judgment, Ms. Brown agreed to pay to Mr. Brown a lump-sum equalizing payment of twenty-thousand dollars ($20,000.00) and to pay four hundred sixty dollars ($460.00) per month to Mr. Brown for the use of the matrimonial domicile located at 7500 Forum Boulevard, New Orleans, Louisiana 70128 ("the Property").

The record reflects that the consent judgment was signed by Mr. Brown and his attorney, but not by Ms. Brown or her attorney; however, the written stipulation was signed by both parties, their attorneys and the district court judge. The consent judgment was not appealed; instead, on April 24, 2015, Ms. Brown filed a motion to set aside the December 10, 2014 consent judgment as well as a motion to annul the stipulated agreement. Following, Mr. Brown raised the exceptions of no cause of action and *res judicata*, as well as the dilatory exception of nonconformity of the petition. In a judgment dated June 2, 2015, the district court granted the exception of no cause of action and rendered all remaining matters moot.

Ms. Brown appealed the June 2, 2015 judgment to this Court.[1] This Court issued an opinion on February 24, 2016, in which we found that the district court did not err in granting Mr. Brown's exception of no cause of action. However, this

---

[1] *Brown v. Brown*, 15-1016 (La. App. 4 Cir. 2/24/16), 187 So.3d 538.

Court remanded the matter to the district court with instructions to allow Ms. Brown the opportunity to amend her petition to attempt to state a cause of action.

After Ms. Brown failed to amend her petition, Mr. Brown filed a motion to dismiss her petition to annul judgment, which was granted by the district court on June 9, 2017. That judgment found that the December 10, 2014 consent judgment was valid and enforceable and ordered Ms. Brown to: (1) pay the attorney's fees and costs associated with her delayed compliance with the consent judgment; (2) pay the twenty thousand dollar ($20.000.00) equalizing payment; (3) pay all past due rents owed for use of the matrimonial domicile; and (4) pay monthly rental in the amount of four hundred sixty dollars ($460.00), beginning on April 6, 2017.

Ms. Brown suspensively appealed the June 9, 2017 judgment, but the record does not reflect that this appeal was ever perfected. As a result, Mr. Brown filed a motion to dismiss the appeal as abandoned on November 9, 2018. For an unexplained reason, a hearing on the motion to dismiss appeal was not held until years later—August 2, 2022—at which time the district court granted Mr. Brown's motion. This judgment was not appealed.

As of August 2022, Ms. Brown had failed to comply with the June 9, 2017 judgment, which ordered her to pay Mr. Brown. As such, on September 14, 2022, Mr. Brown filed a motion to examine judgment debtor in the district court. Soon thereafter, on September 30, 2022, Mr. Brown filed a rule to make past due rent executory, a rule to make judgments executory, a rule for contempt and a rule for access to the Property. After a hearing on these matters on December 13, 2022, the

district court granted all in favor of Mr. Brown, with the exception of Mr. Brown's motion to examine judgment debtor, which was continued without date to be reset upon motion by Mr. Brown. On December 22, 2022, Ms. Brown filed a motion to set aside the district court's judgment, which was orally rendered on December 13, 2022. Following, the written judgment was signed on January 5, 2023. Ms. Brown filed a timely notice of appeal on January 3, 2023, which was granted by the district court on January 10, 2023.

## DISCUSSION

"Before considering the merits of any appeal, an appellate court has 'the duty to determine *sua sponte* whether [proper] jurisdiction exists, even when the parties do not raise the issue.'" *Succession of Hickman*, 22-0730, p. 5 (La. App. 4 Cir. 3/15/23), 359 So.3d 584, 589 (quoting *Lirette v. Adams*, 22-0552, p. 17 (La. App. 4 Cir. 1/31/23), ___ So.3d ____, ____, 2023 WL 1252737, at *9) (alteration in original).

As we noted above, Ms. Brown filed a motion to set aside the judgment that was rendered from the December 13, 2022 hearing. The record does not reflect that this matter came for a hearing or was ever ruled upon. Based upon our review, we find no procedural provision for a motion to set aside a judgment under these circumstances. Notwithstanding, we find that the motion to set aside the judgment is akin to a motion for new trial because it seeks to alter the substance of the judgment. "Our courts have recognized that a pleading, regardless of its caption, constitutes a motion for new trial if it requests a substantive modification of the

4

judgment and is filed within the delays applicable to a motion for new trial." *Downey v. Downey*, 21-0943, p. 4 (La. App. 1 Cir. 2/25/22), 2022 WL 575321, at *2 (citing *Labarre v. Occidental Chem. Co. and Texas Brine Co.*, LLC, 17-1370 (La. App. 1 Cir. 6/4/18), 251 So.3d 1092, 1096, n. 5).

Louisiana Code of Civil Procedure article 1951 provides the time delay for a motion for new trial: "A party may file a motion for a new trial not later than seven days, exclusive of legal holidays, after the clerk has mailed or the sheriff has served the notice of judgment as required by Article 1913." Here, Ms. Brown filed her motion to set aside on December 22, 2022, while the notice of judgment was mailed by the district court clerk on January 6, 2023; therefore, we find Ms. Brown's motion to set aside to be timely.

Louisiana Code of Civil Procedure article 2087(D) instructs us that "[a]n order of appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict. The order becomes effective upon the denial of such motions." When considering this codal article, this Court offered:

> It is well settled in Louisiana law that an appeal taken while a timely motion for a new trial is pending is premature and subject to dismissal because the motion suspends the operation of the final judgment being appealed . . . Where the trial court does not rule on the motion for new trial, the trial court is never divested of original jurisdiction, and the appellate court lacks jurisdiction to hear the appeal . . . The appellate court can dismiss an appeal at any time for lack of jurisdiction.

*Groome v. Carr*, 20-0019, p. 3 (La. App. 4 Cir. 4/1/20), 364 So.3d 236, 239 (quoting *Merritt v. Dixon*, 97-0781, p. 2 (La. App. 4 Cir. 5/28/97), 695 So.2d 1095, 1096) (alteration in original).

5

From our review, there is nothing contained within the record to demonstrate that this matter came for hearing or was otherwise disposed of. Accordingly, we find this appeal to be premature, and that we lack jurisdiction over this matter in its present posture.

## CONCLUSION

For the foregoing reasons, we dismiss the instant appeal without prejudice as premature, and we remand this matter back to the district court to hold a contradictory hearing on Ms. Brown's motion within thirty (30) days of the issuance of this opinion.

**APPEAL DISMISSED WITHOUT PREJUDICE;
REMANDED WITH INSTRUCTIONS**