KLINE, Judge.
Appellant, Lisa Winfield, appeals the decision of the workers’ compensation judge dismissing her claim against appellee, Jiffy Lube d/b/a Louisiana Lubricants. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
Appellant, Lisa Winfield, was employed as a manager by appellee, Jiffy Lube d/b/a Louisiana Lubricants (“Jiffy”), the appel-lee herein. On January 5, 2000, a car that had been serviced was driven out of the service bay area by a Jiffy employee. At that time, Ms. Winfield noticed that oil was running out from the car. Ms. Winfield yelled for the employee to stop the car. She alleges that, at that point, she, along with other Jiffy employees, including Ms. LeJeune, and a couple of male customers, proceeded to push the car back into the service area. As a result of her effort in pushing the car, Ms. Winfield, who suffered from previous back injury, asserts that she injured her left arm, neck, and back.
After the incident, Ms. Winfield stated that she contacted her immediate supervisor, Dan Broussard, who suggested she take a Tylenol tablet. She worked the entire shift that day, from 7:30 a.m. to 10:30 p.m.
The next morning, Ms. Winfield called her supervisor from home to inform him that she was hurting as a result of the *430 incident. He instructed her to go to Med+Aid to be treated. While at Med+Aid, she was treated and also given a routine drug test. Later, she was informed by Med+Aid that her drug test was positive for marijuana. As a result, Ms. Winfield was informed by Mr. Brous-sard that her employment was terminated. Later, she was informed that she was not terminated but that she would not be returned to her position as manager.
On January 12, 2000, Ms. Winfield filed a claim with the Office of Workers’ Compensation (“OWC”) against Jiffy. A trial was held on the merits on September 21, 2000. At the trial, Ms. Winfield testified about the facts surrounding the incident and the injuries that resulted. No other witnesses were presented by Ms. Winfield. Jiffy presented the testimony of Ms. Le-Jeune, an employee with Jiffy at the time of the alleged accident. Ms. LeJeune testified that she attempted to push the car back into the service area, without the aid of Ms. Winfield. Ms. LeJeune stated that Ms. Winfield | ¡¡simply had her hand resting on top of the car and was smoking a cigarette with the other hand. She stated that two customers also helped push the car back into the service bay.
The OWC judge verbally issued a judgment on September 22, 2000, and signed a judgment on October 13, 2000, finding that Ms. Winfield failed to prove that she suffered an accident in the course and scope of her employment. Ms. Winfield appeals this finding.
Ms. Winfield asserts the following assignments of error:
1. The Trial Court committed reversible error in its failure to find that the Claimant sustained a work accident in the course and scope of her employment.
2. The Trial Court committed reversible error in its failure to find that the Claimant, as a result of the work acci-
dent, injured her neck, back and arm and denying her medical treatment for those injuries.
3. The Trial Court committed reversible error in its failure to find the Claimant temporarily totally disabled or at least entitled to Supplemental Earnings Benefits.
4. The Trial Court committed reversible error in its failure to find the Employer arbitrary and capricious and/or without reasonable cause thus hable for penalties and attorney’s fees.
Jiffy also appeals the findings of the OWC judge. Jiffy asserts the following assignments of error:-,
1. Whether the [OWC judge] committed manifest error in denying the employer’s defense of intoxication pursuant to Louisiana Revised Statutes 23:1081.
2. Whether the [OWC judge] committed manifest error in denying the employer’s defense of fraud pursuant to Louisiana Revised Statutes 23:1208.
LAW AND DISCUSSION
Factual findings in a workers’ compensation case are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. For an appellate court to reverse a trial court’s factual finding, it must find from the record that a reasonable factual basis does not exist for the finding of the trial court and that the record establishes that the finding is clearly wrong. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as |4the trier of fact, it would have weighed the evidence differently. Furthermore, when factual *431 findings are based on the credibility of witnesses, the fact finder’s decision to credit a witness’s testimony must be given “great deference” by the appellate court. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Thus, when there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, although the appellate court may feel that its own evaluations and inferences are as reasonable. Id.
In order for a claimant to be entitled to recover workers’ compensation benefits, she must prove, by a preponderance of the evidence, that a work-related accident occurred and that an injury was sustained. A claimant’s testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident, and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. Jackson v. Savant Insurance Company, 96-1424, p. 8 (La.App. 1st Cir.5/9/97), 694 So.2d 1178, 1180. See also Bruno v. Harbert International Inc., 593 So.2d 357, 361 (La.1992).
In workers’ compensation cases, disability is presumed to be the result of the work-related accident if the claimant was in good health before the accident, and the symptoms of the disability appear after the accident and continue to manifest themselves. This presumption is available when sufficient medical evidence is introduced to show a reasonable possibility of a causal connection between the disability and the work-related accident, or that the nature of the accident raises a natural inference that such a causal connection exists. LeBlanc v. Cajun Painting Inc., 94-1609, p. 10 (La.App. 1st Cir.4/7/95), 654 So.2d 800, 807, units denied, 95-1706, 95-1655 (La.10/27/95), 661 So.2d 1349, 1350. Thus, where there is proof of an accident and a following disability, without an intervening cause, it is presumed that the accident caused the disability. Jackson, 694 So.2d at 1180. Moreover, the fact that a claimant does not realize or diagnose the full extent of his injury immediately after an accident should not bar him from recovery. Middleton v. International Maintenance, 95-0238, pp. 6-7 (La.App. 1st Cir.10/6/95), 671 So.2d 420, 424, unit denied, 95-2682 (La.1/12/96), 667 So.2d 523.
|BThus, in determining whether a worker has shown by a preponderance of the evidence that an injury-causing accident occurred in the course and scope of employment, the trier of fact is expected to focus upon the issue of credibility because, absent contradictory circumstances and evidence, a claimant’s testimony is accorded great weight. Bruno, 593 So.2d at 361. The determinations by the workers’ compensation judge as to whether the claimant’s testimony is credible and whether the claimant has discharged his burden of proof are factual determinations and will not be disturbed upon review in the absence of manifest error or unless clearly wrong. Id.
The OWC judge, when giving his oral ruling, made reference to the fact that the incident as alleged by Ms. Winfield was not unwitnessed. At least four persons witnessed the incident, including Ms. LeJeune, whose testimony was presented by Jiffy. The OWC judge indicated that he had nothing to corroborate the testimony of Ms. Winfield. The only witness to testify was Ms. LeJeune, and she testified that Ms. Winfield did not participate in pushing the car back into the service bay. Ms. Winfield could have also presented the testimony of witnesses to corroborate her testimony. According to the OWC judge, *432 it was a credibility call on his part. Ms. Winfield simply did not satisfy her burden of proving by a preponderance of the evidence that the accident did in fact occur.
As previously indicated, the determinations by the OWC judge as to whether Ms. Winfield’s testimony is credible, whether Ms. LeJeune’s testimony is credible, and whether Ms. Winfield has discharged her burden of proof are factual determinations that will not be disturbed on review in the absence of manifest error. In this case, the OWC judge found Ms. LeJeune to be a credible witness and concluded that Ms. Winfield did not participate in the pushing of the car. As a result, the OWC judge determined that no work-related accident was proven to have occurred to cause injury to Ms. Winfield. Based upon a complete review of the record, we cannot say that the judge was clearly wrong in finding that Ms. Winfield did not prove, by a preponderance of the evidence, that she was injured in a work-related accident during the course and scope of her employment. As a result of this finding, we pretermit addressing the other asserted assignments of error.
CONCLUSION
For the above and foregoing reasons, the judgment of the OWC judge dismissing Ms. Winfield’s claim for workers’ compensation benefits is affirmed. Costs associated with this appeal are assessed against Lisa Winfield.
AFFIRMED.