McDonald, j.
| ¡>This is a disputed claim for workers’ compensation. The plaintiff, Lorraine Authement, worked at Consolidated Water Works District # 1 (CWWD) for seven years as a meter reader. This job included changing water meter transponders when needed. She had pre-existing back problems resulting from an automobile accident in the 1980s, a pulled muscle in 2001, and degenerative disc disease.
In November 2000 and March and April 2001, Dr. Brian Matherne, a physician in family practice, was treating Ms. Authement for her back pain. He prescribed anti-inñammatories and sent her to have an MRI on April 17, 2001. The MRI report indicated, “No frank disc herniation is seen and no significant encroachment upon the dural sac can be seen.” Dr. Larry Haydel, an orthopedic surgeon, treated her with a series of three epidural steroid injections for her back pain and she was put on light duty at CWWD. Ms. Authement received the last epidural steroid injection from Dr. Haydel on May 21, 2001.
The next day, May 22, 2001, she was changing a water meter transponder in front of Broadmoor Drugs in Houma, Louisiana, when she felt a pop in her back. She reported the incident to the CWWD safety supervisor, Ernest Robichaux, that afternoon.
Several doctors treated Ms. Authement over the next three months and she had a two-level lumbar disc excision and fusion performed on August 14, 2001, by Dr. Stuart Phillips, an orthopedic surgeon. During the surgery, it was discovered that Ms. Authement had a staph infection on one of her discs, which Dr. Phillips testified probably resulted from the steroid injections.
laCWWD disputed her claim of a work-related injury and denied Ms. Authement workers’ compensation indemnity benefits and medical expenses. She thereafter filed a disputed claim for workers’ compensation benefits. After a trial on the merits, the workers’ compensation judge ruled in favor of Ms. Authement, finding that she had an accident while in the course and scope of her employment with CWWD; that she suffered an aggravation of a pre-existing back condition, which combined with an infection to create her *161 current medical condition; that she was entitled to workers’ compensation indemnity benefits at a rate of $274.68 per week; that she was entitled to the payment of all past medical treatment from May 22, 2001, to the date of the judgment, except for any treatment which could be specifically designated as treatment for the infection only; that the lumbar surgery performed in August 2001 was due to a combination of the infection and the aggravation of the preexisting condition, therefore, CWWD was to pay for the surgery; that Ms. Authement was entitled to all reasonable and necessary medical treatment required to treat her current medical condition; that Ms. Authement was temporarily and totally disabled; that the parties were to explore the necessity of a functional capacity evaluation and vocational rehabilitation efforts; that CWWD was assessed penalties in the amount of $1,000, as well as $4,000.00 in attorney fees; and that the judgment did not prevent CWWD from filing an intervention or third party demand for contribution or indemnification against any entity or person responsible for Ms. Authement’s pre-existing condition or the infection.
CWWD is appealing that judgment and makes the following assignments of error:
1. The [workers’ compensation judge] committed legal error in applying the incorrect legal standard of proof required of the claimant.
|42. The [workers’ compensation judge] committed legal error in applying the jurisprudentially created legal presumption that the incident sued upon was necessarily the cause of the disability of which the claimant complained.
3.The [workers’ compensation judge] erred in finding that the [claimant] carried her burden of proof that a compensable “accident” causing injury occurred.
4. The [workers’ compensation judge] erred in finding that the surgery which coincident[al]ly followed the date of the incident in question was caused by any specific injury caused by the incident in question.
5. The [workers’ compensation judge] erred in finding that the “disabling condition” was caused by the incident at issue.
STANDARD OF REVIEW
The standard of review in a workers’ compensation case is the manifest error — clearly wrong standard. See Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706, 710. The workers’ compensation judge determinations as to whether the worker’s testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error. Bruno v. Harbert International Inc., 593 So.2d 357, 361 (La.1992).
If the fact finder’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Sistler v. Liberty Mutual Insurance Co., 558 So.2d 1106, 1112 (La.1990).
ASSIGNMENT OF ERROR NUMBER THREE
In this assignment of error, CWWD asserts that the workers’ compensation judge erred in finding that the claimant carried her burden of proof that a compensable “accident” causing injury occurred.
| ¡^Louisiana Revised Statute 23:1021(1) provides:
*162 “Accident” means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive deterioration.
In order for a claimant to be entitled to recover workers’ compensation benefits, she must prove, by a preponderance of the evidence, that a work-related event occurred and that an injury was sustained. A claimant’s testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt on the worker’s version of the incident, and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. The determinations by the workers’ compensation judge as to whether the claimant’s testimony is credible and whether the claimant has discharged her burden of proof are factual determinations and will not be disturbed upon review in the absence of manifest error or unless clearly wrong. Winfield v. Jiffy Lube, 2001-0341 (La.App. 1 Cir. 3/28/01), 813 So.2d 428, 431.
Ms. Authement testified that she was changing a water meter transponder when she felt a pop in her back and that she had to stop working because of the pain. She reported the incident to the CWWD safety supervisor that afternoon and later filled out an accident report. She reported the incident to a co-worker, Patricia Earls, the afternoon it happened and Ms. Earls testified that Ms. Authement appeared to be in pain as she walked to her car. Further, the day after the incident, Ms. Authement went to see Dr. Brian Guidry complaining of back pain.
The workers’ compensation judge found Ms. Authement to be a credible witness and found that the testimony of other witnesses and the | ^medical records corroborated her version of events. After a thorough review of the record, we cannot say that the workers’ compensation judge committed manifest error in finding that a compensable accident causing injury occurred.
ASSIGNMENTS OF ERROR NUMBERS ONE, TWO, FOUR AND FIVE
These assignments of error assert that the workers’ compensation judge committed legal error in applying the wrong burden of proof, committed legal error in applying a legal presumption that the incident sued upon necessarily caused the disability, manifestly erred in finding the surgery that coincidentally followed the injury in question was caused by the specific injury from the incident in question, and manifestly erred in finding that the disabling condition was caused by the incident at issue.
After establishing that an accident occurred on the job and that he sustained an injury, the claimant must establish a causal connection between the accident and the resulting disability by a preponderance of the evidence. Roberts v. Thibodaux Healthcare Center, 2005-0774, p. 11 (La.App. 1 Cir. 3/24/06), 934 So.2d 84, 92.
When an employee suffered from a pre-existing medical condition, he or she may still prevail if he or she proves that the accident aggravated, accelerated, or combined with the disease or infirmity to produce death or disability for which compensation is claimed. The employee is entitled to a presumption that the injury at work either aggravated, accelerated or combined with a pre-existing injury to produce his disability if he or she can prove that before the accident the disabling *163 symptoms had not manifested, but that beginning with the accident they manifested and there is either medical or circumstantial evidence indicating a reasonable possibility of |7causation. Gary v. H.B. Zachary Co., Inc., (La.App. 3 Cir. 2/02/94), 631 So.2d 671, 677. Once the employee has established the presumption of causation, the opposing party bears the burden of producing evidence and persuading the trier of fact that it is more probable than not that the work injury did not accelerate, aggravate or combine with the pre-existing disease or infirmity to produce his disability. Roberts, 2005-0774, p. 12, 934 So.2d at 93.
A thorough reading of the workers’ compensation judge’s 11-page written reasons for judgment show that she applied proper evidentiary standards and that she found that the claimant met her burden of proof. Clearly, the workers’ compensation judge found that the testimony of Ms. Authement’s treating physician, Dr. Phillips, linking the surgery to the accident was persuasive. Dr. Phillips testified as follows:
Q. Assuming her history to be correct, do you have an opinion as to whether the work injury that she described in the document — whether that work injury aggravated, accelerated or combined with her disease, her cervical spondylolisthesis or infirmity to produce the disability that she has today?
A. Yeah. That is my opinion. The patient had a preexisting problem and was aggravated by the superimposed trauma.
After being questioned about the infection and its contribution to the need for surgery, Dr. Phillips testified further:
Q. Doctor, I’m sorry, but I guess I have to be absolutely sure. I don’t — let me read the law so that I — do you have an opinion whether the work injury that she described to you aggravated, accelerated or combined with any disease or infirmity including any infection to produce the disability for which she has today?
A. Sure. And I think I said it 30 times and 31 won’t matter. But I think it was an aggravated circumstance, that this was preexisting and was aggravated.
| /While CWWD disputes Dr. Phillips’ testimony linking causation of the surgery and the disability to the accident, they offer no countervailing testimony by another expert. While they pick out portions of Dr. Phillips’ testimony that point to the staph infection as a cause of the worsening condition which led to the surgery, his final word on the subject was that the work injury aggravated the pre-existing back problems which included the infection.
Although this court might have decided the case differently, the workers’ compensation judge determined that the accident caused the need for surgery and caused the disability, and based on the treating physician’s testimony and other evidence in the record, we cannot say the workers’ compensation judge was manifestly erroneous or committed legal error in this determination.
DECREE
After a thorough review of the record, we find no manifest error of fact and no legal error and we affirm the judgment of the workers’ compensation judge. Costs are assessed against CWWD.
AFFIRMED.