## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-630

**GARY AYO**

**VERSUS**

**BEO CONTRACTORS, INC.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF LAFAYETTE, NO. 10-05478
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

## J. DAVID PAINTER
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jimmie C. Peters, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

**Amanda H. Carmon**
**Johnson, Stiltner & Rahman**
**2237 S. Acadian Thruway, Ste. 102**
**Baton Rouge, LA 70808**
**(225) 231-0934**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **BEO Contractors, Inc.**

**J. Louis Gibbens, III**
**J. Louis Gibbens III, APLC**
**P.O. Box 90290**
**Lafayette, LA 70509**
**(337) 235-8815**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Gary Ayo**

**PAINTER, Judge.**

The instant case arises out of a claim for workers' compensation filed by Gary Ayo (Ayo). Ayo appeals the decision of the Workers' Compensation Judge (WCJ) finding that he had not met his burden of proof, ruling in favor of the employer, BEO Contractors, Inc. (BEO), and dismissing his claim with prejudice. We affirm.

## FACTS AND PROCEDURAL HISTORY

In 2009, Ayo (who was fifty-three years old) was employed by BEO as a carpenter. He described his work as heavy manual labor. He was working for BEO installing doors in Burke-Hawthorne Hall on the University of Louisiana at Lafayette (ULL) campus. He and his co-worker, Albert Sinitiere, were carrying the doors upstairs to a second-floor dressing room. When they were almost to the top of the stairs, Ayo stated that he had to stop because he felt like he had pulled something in his back. They stopped for a moment and then kept going. Ayo alleges that this incident occurred in August or September 2009. Ayo stated that he told Patrick McGuirk, the superintendent on the job at ULL, that he pulled something in his back and needed to go to the chiropractor. McGuirk denies this, and no accident report was generated.

Ayo treated with John A. Daigle, D.C., whom he had seen over the previous years for chiropractic adjustments. When the chiropractic treatment failed to alleviate his pain, Ayo sought treatment from Dr. Ricardo Leoni, a neurological surgeon. On November 11, 2009, Dr. Leoni and Dr. John Schutte performed a lumbar decompression and fusion at L4-5.

Ayo alleges that prior to this incident, even though he had some back pain, he was able to work construction and work several side jobs, including running a lawn care service. Following the incident in question, Ayo alleges that he was forced to discontinue his lawn business and that he could not do any more side jobs.

It is alleged that Ayo has not worked since October 31, 2009, and that he has not been released to work. No wage or medical benefits were paid to Ayo. He filed a disputed claim for compensation. Following a trial on the merits, the WCJ found that an incident did occur while he was carrying the doors with his co-worker. However, the WCJ noted that the date of this incident could not be determined with any certainty. Further, the WCJ found that Ayo was not entitled to the presumption of causation and that there was just a gradual deterioration over time of a problem that actually went back to 1977, when Ayo had his first back surgery after an oilfield accident.[1] The WCJ found in favor of BEO and dismissed Ayo's claim with prejudice. This appeal followed, and we affirm.

## DISCUSSION

BEO argues that Ayo did not brief the issue of the WCJ's determination that no accident occurred; and, therefore, this issue should be deemed abandoned. We disagree with BEO in that the WCJ clearly stated in her oral reasons for judgment that "I do find that an incident occurred while [Ayo] was carrying the door with his co-worker." What the WCJ found was that she could not, based on the evidence presented, identify exactly when the "door accident" happened and that he was not entitled to a presumption of causation for that reason. Therefore, we do not find that there is an issue of whether an accident occurred.

In *Stogner v. Smith & Smith, LLC*, 11-413, pp. 4-5 (La.App. 1 Cir. 11/9/11), 80 So.3d 47, 50-51, the First Circuit succinctly stated that:

> The employee in a workers' compensation action must prove by a preponderance of the evidence that a work-related event occurred and that an injury was sustained. *Authement v. Consolidated Water Works Dist. No. 1*, 05-0877 (La.App. 1 Cir. 5/5/06), 935 So.2d 158, 162. When an employee suffers from a pre-existing medical condition, he may still prevail if he proves that the accident aggravated, accelerated, or combined with the condition to produce the disability for which compensation is claimed. *Brown v. Deal's Carpet Care*, 03-0196 (La.App. 1 Cir. 11/7/03), 867 So.2d 762, 765, *writ denied*, 03-3363

---

[1] Ayo was in a body cast for two years following this accident.

2

(La.2/13/04), 867 So.2d 691. Where an employee proves that before the accident he had not manifested disabling symptoms, but that commencing with the accident, disabling symptoms appeared and manifested themselves, and that the medical or circumstantial evidence indicates a reasonable possibility of a causal connection between the accident and the activation of the disabling condition, the employee's work condition is presumed to have aggravated, accelerated, or combined with his pre-existing disease or infirmity to produce his disability. *Brown*, 867 So.2d at 765-66.

"Whether the presumption is applicable is a finding of fact subject to the manifest error-clearly wrong standard of review." *Brown v. Town of Ferriday*, 11-570, p. 3 (La.App. 3 Cir. 11/2/11), 76 So.3d 155, 158. If there are legal errors, the manifest error standard of review no longer applies. *Id.* Ayo does not allege any legal errors, and we do not find there to be any. Thus, we are not to determine whether the WCJ was right or wrong, only whether the failure to apply the presumption was reasonable. The manifest error standard is applicable, and we are unable to set aside the WCJ's factual findings since there is a reasonable factual basis for them even though we may be convinced that we would have weighed the evidence differently. *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1112 (La.1990).

The WCJ expressly found that the presumption was inapplicable because Ayo was not deemed to be in good health prior to the accident. The exact date of the incident at issue could not be determined. Ayo alleges that it occurred in August or September 2009. Sinitiere's testimony corroborated that there was an incident with the doors, but he could not give an exact date. Sinitiere recalled that Ayo worked for several months after the incident. McGuirk testified that the hanging of doors at ULL occurred over a six-month period. Thus, there are some conflicts in the testimony as to when the incident occurred. Ayo sought chiropractic treatment in March, June, and September 2009, so the medical records provide no corroboration for Ayo's allegation as to the timing of the incident.

It is not disputed that Ayo had pre-existing back problems. In 2006, Ayo received physical therapy from McLeod-Trahan-Sheffield Physical Therapy Services,

Inc. after developing pain from driving an airboat. In early October 2007, Dr. Leoni referred Ayo to Dr. Schutte regarding a possible fusion. He had a herniated disc at L4-5. This is the same level that required surgical intervention in 2009. However, Dr. Leoni's office records reveal that, by the end of October 2007, Ayo's condition had spontaneously improved to the point that Dr. Leoni was of the opinion that "we should hold off on surgery." Dr. Leoni's records established that he did not treat Ayo between October 31, 2007, and October 8, 2009. When Ayo saw Dr. Leoni on October 8, 2009, he reported pain in his right leg and lower back for the past six to seven weeks. There was no mention of any accident. The records of Dr. Daigle indicate that he saw Ayo on September 8, 9, 22, 23, 2009. He also saw Ayo on June 11, 2009, for complaints of pain after working on construction grading equipment. Although Ayo was not required to prove that he was in perfect health, he had to show that he was in good health. *Brown*, 76 So.3d 155. Thus, based on the medical records showing that he frequently sought chiropractic treatment for similar complaints in 2009, before and after the alleged date of the incident, we cannot say that the WCJ was manifestly erroneous in failing to apply the presumption of causation.

Ayo raises only the WCJ's failure to apply the presumption of causation as error in this appeal. He makes no argument that he met his burden of proving causation without the presumption. Without the presumption, Ayo failed to establish a causal link between the work-related accident and the disability claimed. He sought chiropractic treatment in several different months in 2009, and his problems centered on the same disc herniation that preexisted the incident. Based upon the record before us, we cannot say that the WCJ was manifestly erroneous in finding that Ayo failed to meet the requisite burden of proof.

## DECREE

For all of the foregoing reasons, we affirm the judgment of the WCJ dismissing Ayo's claims. All costs of this appeal are assessed to Gary Ayo.

4

**AFFIRMED.**