MOORE, J.
|! Michelle Wells, in proper person, appeals a judgment sustaining an exception of prescription and dismissing her medical malpractice claim against Dr. William Webb. We affirm.

Procedural Background

In January 2008, Ms. Wells fell and twisted her ankle while chasing one of her children. After a trip to the Schumpert emergency room, she saw Dr. Webb, an orthopedist at the Highland Clinic, on January 28, 2008. According to Dr. Webb’s records, he diagnosed a “left lateral mal-leolar fracture with deltoid ligament tear.” On February 4, he performed an ORIF (open reduction and internal fixation) at Highland Hospital. The operative report stated that this involved bending a “1/3 semi-tubular plate * * * to the contours of the distal fibula” and placing a “3.5 cortical screw” in the malleolar fragment, with two locking screws above and two below the fracture site.
Ms. Wells came for postop visits on February 18, March 5 and April 2, 2008. On that final date, Dr. Webb noted “some numbness on the dorsum of her foot,” which he attributed to “superficial pero-neal nerve irritation” and expected “to resolve with time,” but reported that she was doing well. He wrote that he would “see her back p.r.n.,” and this was the final time he ever saw her.
. In her request for a medical review panel (“MRP”), Ms. Wells alleged that when *521 she came out of surgery on February 4, 2008, Dr. Webb told her he put screws and a plate on her ankle. In August 2008, she went to a different orthopedist, Dr. Cox, to get this hardware removed; Dr. Cox 12performed another surgery in October 2008. After that surgery, Dr. Cox told her he tried to repair the nerve, but at a later visit he told her it was scar tissue on her superficial peroneal nerve that was causing the pressure. She felt that Dr. Cox “changed” what he said, but she still trusted him because he was her doctor.
Ms. Wells filed the instant request for MRP against Dr. Webb on April 4, 2012, alleging that “in 2010 I found out that my superficial peroneal nerve is not located where my incision or my plate and screws” are and that Dr. Cox tried to “cover up that Dr. Webb had put the plate and screws on my sural nerve.”[1] She also alleged, “July 20, 2011, I found out that Dr. Webb put the plate and screws on my sural nerve * ⅛ ⅜ causing me to have nerve damage.”
Dr. Webb filed an exception of prescription, urging that the claim was prescribed under the three-year limit of La. R.S. 9:5628 and 40:1299.47 A(2)(a). He contended that by her own admission, she “discovered” the malpractice in July 2011, and filed the claim in April 2012, both over three years after his final acts of treatment in April 2008.

Action of the District Court

At the hearing on the exception, Dr. Webb argued that under R.S. 9:5628, the action was facially prescribed, shifting the burden to Ms. Wells to show it was timely. Appearing pro se, Ms. Wells argued that she did not learn about Dr. Webb’s malpractice until July 2011, when she was looking at an anatomy book; she offered into evidence copies of pages from the | sbook. She stated that in her view, she had one year from when she found out about the malpractice to file a claim, and if the statute said otherwise, it ought to be changed.
The court sustained Dr. Webb’s exception and dismissed the claim. Ms. Wells moved for an appeal. She attached copies of records showing that she had filed a previous request for an MRP against Dr. Webb in January 2009, but her attorney at the time dismissed the claim within two weeks of its filing.

Arguments on Appeal

Ms. Wells’s pro se brief does not designate any errors. On a page labeled “Facts,” she concedes, “In 2008 * * * I first learned the negligence of Dr. William Webb” and filed a malpractice claim against him in January 2009, but on the page labeled “Argument” she says that claim “was dismissed due to my medical paperwork being falsified.” She alleges that Dr. Webb “never took X-rays of my ankle and before surgery I know misdiagnosed my X-ray from Christus Schum-pert.” She concludes that the judge ruled against her “because of my facts I did not present in trial court.” By supplemental brief, she highlights the portion of R.S. 9:5628 that states “one year from the date of discovery,” and reiterates that the only reason she dismissed her previous request for MRP was that Dr. Cox falsified her operative report.
Dr. Webb responds that Ms. Wells’s MRP request, filed April 11, 2012, was more than four years after her last postop visit, April 2, 2008, and facially prescribed. This shifted the burden to her, Bordelon v. Medical Ctr. of Baton Rouge, 2008-0202 (La.10/21/03), 857 So.2d 378, and he con *522 tends she failed to meet this burden.[2] He concedes that she also filed a complaint against Dr. Cox, in February 2011, but argues that a timely suit against a solidary obligor does not revive a prescribed suit against another solidary obligor, Denoux v. Vessel Management Servs., 2007-2143 (La.5/21/08), 983 So.2d 84. He asks this court to affirm.

Discussion

The prescription of medical malpractice claims is regulated by La. R.S. 9:5628, which provides in pertinent part:
§ 5628. Actions for medical malpractice
A. No action for damages for injury or death against any physician * * *, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
In Borel v. Young, 2007-0419 (La.7/1/08), 989 So.2d 42 (on rehearing), the supreme court held that both the one-year and three-year periods set forth in the statute are prescriptive. Id. at 2, 989 So.2d at 54. However, the court further held that R.S. 9:5628 “is a prescription statute with a qualification, that is, the contra non valentem type exception to | ¡¡prescription embodied in the discovery rule is expressly made inapplicable after three years from the act, omission, or neglect[.]” Id. at 18, 989 So.2d at 63; Hebert v. Doctors Memorial Hosp., 486 So.2d 717 (La.1986).
In cases not regulated by a special statute, courts have utilized the concept of contra non valentem to suspend or interrupt the running of prescription against plaintiffs in four situations:
(1) Where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiffs action;
(2) Where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
(3) Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and
(4) Where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant (called “the discovery rule”).
Wells v. Zadeck, 2011-1232 (La.3/30/12), 8-9, 89 So.3d 1145, at 1150, and citations therein.
The court in Borel, supra, specifically held that under R.S. 9:5628, the discovery rule does not apply to suspend the three-year limitation on medical malpractice actions. Borel v. Young, supra at 18, 989 So.2d at 63; Hebert v. Doctors Memorial Hosp., supra.
As noted, Ms. Wells has asserted only the discovery rule to oppose the facial untimeliness of her claim. Under the interpretation of R.S. 9:5628 stated in Borel *523 and Hebert, supra, the discovery rule does not suspend the three-year limit, and Ms. Wells’s position is unavailing. While she argued | ¿rather ingeniously that the discovery rule should apply across the board, we lack the authority to rewrite the statute or to overrule the supreme court’s plain reading of it.
We are sensitive to Ms. Wells’s pro se status and hold her pleadings to less stringent standards than those filed by a lawyer. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Capital One NA v. Walters, 47,157 (La.App. 2 Cir. 6/20/12), 94 So.3d 972. She contends that she lost because of facts she did not present in the trial court. However, the appellate court is a court of record; we may not review evidence that is not in the appellate record or receive new evidence. La. C.C.P. art. 2164; Denoux v. Vessel Management Servs., supra at 6, 983 So.2d at 88; Martin v. Comm-Care Corp., 37,600 (La.App. 2 Cir. 10/16/03), 859 So.2d 217, writ denied, 2003-3188 (La.2/6/04), 866 So.2d 225.[3]
The district court did not err in sustaining the exception of prescription.

Conclusion

For the reasons expressed, the judgment is affirmed. All costs are to be paid by Michelle Wells.
AFFIRMED.

. She also filed a request for MRP against Dr. Cox on February 17, 2011.

. In support, he cites her previous request for MRP, which her attorney withdrew, as evidence that she knew of the alleged malpractice as early as January 2009.

. Even if we were to consider the documents attached to her motion for appeal, these would tend to show that she had sufficient knowledge of her potential malpractice claim in January 2009, well within R.S. 9:5628’s time limits.