CARAWAY, J.
hThe defendant seeks nullity of a prior default judgment in a forfeiture action against him through a separate Petition of Annulment filed in the trial court. The trial court denied claimant’s Petition of Annulment before the State had answered. The State files in this court an exception of res judicata. Finding the nullity action sufficiently pled and a pending ordinary proceeding before the court, the trial court’s ruling is vacated.

Facts and Procedural History

On February 24, 2012, agents of the Shreveport/Caddo Narcotics Task Force began surveillance on the residence at 3157 Edson Boulevard in Caddo Parish, Louisiana, regarding information that Sandy Smith, Jr. (“Smith”) was living at that address.[1] The officers had an arrest warrant for Smith and a document search warrant for the Edson Boulevard address. As the officers were watching the property, they noticed Smith exit the house, place a box in his vehicle, and drive away. The officers followed and arrested him, and performed a search of the vehicle after being alerted to the driver’s door by a K-9 officer’s dog. The search revealed that the box contained 14.5 pounds of packaged marijuana.
Thereafter, the officers executed a search warrant for the house and located approximately 222 grams of marijuana under the bed in the bedroom of Smith and his wife, Jacquandalynh Hogan Smith (“Mrs.Smith”). Additionally, the officers located bank records, solely in the name of Mrs. Smith with Capital One Bank. The officers also discovered records | ¡^indicating Mrs. Smith was a member of the Shreveport Federal Credit Union.[2] Subsequently, the officers sought a warrant to seize the funds located in both accounts. On February 28, 2012, the officers seized a total of $4,118.74 from the bank accounts, $298.23 from the Capital One account, and $3,820.51 from the Shreveport Federal Credit Union account.
On April 16, 2012, pursuant to La. R.S. 40:2601, the State sent Mrs. Smith, by certified mail, a Notice of Pending Forfeiture of the $4,118.74. Likewise, on April 20, 2012, the notice was personally served on Smith, who was at the time incarcerated. On May 15, 2012, pursuant to La. R.S. 40:2610(A), Smith replied with “verified claims.” These claims appear to comply with all of the requirements of La. R.S. 40:2610.
On December 4, 2012, at them Boykin[3] hearings, Smith and his wife withdrew their former plea of not guilty and entered into plea agreements. Smith entered a Crosby[4] plea, pleading guilty to two counts of possession of Schedule I marijuana with intent to distribute and possession of a firearm by a convicted felon, while reserving the right to appeal the denial of his motion to suppress. Smith was sentenced to 30 years on each count of the possession with intent to distribute charges and 15 *31 years for the possession of a firearm by a convicted felon count, running concurrently with'the latter two counts. Mrs. Smith pled guilty to attempted possession of a CDS with intent to distribute and was sentenced to 2 years at hard labor, which the district court suspended.
lsOn April 24, 2013, pursuant to La. R.S. 40:2612, the State filed a petition of forfeiture, in rem, against the $4,118.74. Also, pursuant to La. R.S. 40:2613, the State brought an in personam action against Smith in the same petition. On May 1, 2013, Smith received interrogatories, requests for admission of fact, and requests for production of documents; On May 9, 2013, the petition of forfeiture was personally served on Smith.
In reply, Smith filed multiple response pleadings, including a motion to recover. In this pleading, filed June 5, 2013, Smith asserted the same allegations from his 2012 claim.
On October 7, 2013, the State sought and was granted a preliminary default asserting that Smith had failed to file a proper answer. On November 4, 2013, the State filed a motion for confirmation of the default judgment. On November 14, 2013, Smith filed a response to the motion for confirmation of default judgment, asking the Court to deny the State’s motion for default.
On November 22, 2013, the State was granted a confirmation of the default judgment. The district court determined that, even if Smith’s claim to recover the seized property could be construed as an “answer,” he failed to comply with the requirements set forth in La. R.S. 40:2612.
On December 10, 2014, Smith filed a petition for' annulment (“Petition”), which is the subject of this appeal. The Petition was filed in the same proceeding as the State’s forfeiture action. Smith argued substantively that in the forfeiture action, the seized funds were acquired by the State by ill practices; thus the prior default judgment should be nullified.
|4The Petition indicates that- Smith mailed a copy to the State. The State was never served with citation for the December 10 Petition and never had an opportunity to file responsive pleadings because of the trial court’s action taken on December 17, 2014. On that date, without, contradictory hearing, the district court issued a written ruling and judgment, as .follows:
Under the Louisiana Code of Civil Procedure Article 2002,. a final judgment shall be annulled if it is rendered against whom a valid judgment by default has not been taken. A valid default judgment was entered against Petitioner on November [22], 2013. .Petitioner cannot now seek to have the judgment annulled. Accordingly, this, petition is DENIED.
Smith has appealed this judgment. -On appeal, the State presented this court with the exception of res judicata based on Smith’s 2012 plea agreement. The State argues that Smith and his wife forfeited, their claims to the seized funds as part of their plea agreements.

Discussion

The trial court’s sua sponte dismissal of Smith’s nullity action petition is without authority in our law. A final judgment shall be annulled if it is rendered “[ajgainst a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.” La. C.C.P. art. 2002(A)(2). A default judgment formally granted after an answer is filed constitutes an absolute nullity under La. C.C.P. art. 2002. Laviolette v. Dubose, 14-148 (La.App. 6th Cir. 12/23/14), 167 So.3d 145; Martin v. Martin, 95-2567 (La. App. 1st Cir.9/27/96), 680 So.2d 759, writ *32 denied, 96-2622 (La.12/13/96), 692 So.2d 1065; State v. One 1990 GMC Sierra Classic Truck, VIN No. 1GTCS142XL25052929, 94-0639 (La.App. 4th Cir. 11/30/94), 646 So.2d 492, writ denied, 94-3171 (La.2/17/95), 650 So.2d 254. Absolute nullities may' be' brought anytime and before any .court. La. .C.C.P.! art.-2002(B), Ledford v. Pipes, 507 So.2d 9 (La.App. 2d Cir.1987).
A final judgment obtained by fraud or ill practices may also be annulled. La. C.C.P.2004; Power Marketing Direct, Inc. v. Foster, 05-2023 (La.09/06/06), 938 So.2d 662. Confirmation of a judgment'of default without notice to a party who has participated in the litigation is an ill practice. Power Marketing Direct, supra; Hicks v. Reich, 38,424 (La.App.2d Cir.5/12/04), 873 So.2d 849. An action alleging fraud dr ill practice must be brought by direct action in a petition for nullity. Ezzell v. Miranne, 13-349 (La. App. 5th Cir.12/30/13), 131 So.3d 1093; Bonaventure v. Pourciau, 577 So.2d 742 (La. App. 1st Cir.1991); Thibodeaux v. Duos, 343 So.2d 441 (La.App. 3d Cir.1977).
An action to annul a judgment must be instituted as an ordinary, rather than summary proceeding. Burdine & Assoc., Inc. v. Noel, 550 So.2d 677 (La. App. 2d Cir.1989). A party is allowed to assert the action for nullity based on fraud and ill practices by- filing a petition in the same action which produced the offending judgment. Pollock v. Talco Midstream Assets, Ltd., 44,629 (La.App.2d Cir.9/23/09), 23 So.3d 1033, writ denied, 11-1295 (La.9/23/11), 69 So.3d 1166.
Smith’s Petition was filed under the same suit number as the original forfeiture action. Incorporated within its allegations were references to the Smith affidavits and other fact allegations Smith had asserted in defense of forfeiture. The trial court correctly viewed the substance of the Petition as a claim for nullity and incorporated by reference the prior pleadings and the | ^default judgment ruling of the court, that Smith claims should be a nullity. The legal question, of whether Smith had answered [5] the State forfeiture suit was never adjudicated contradictorily with Smith since judgment was rendered against him by default. That question and others support the new action for an absolute nullity under La. C.C.P. art. 2002(A)(2) and for nullity resulting from ill practices. Neither the trial court or this court can dismiss Smith’s Petition peremptorily under the authority of La. C.C.P, art. 928(B) for no cause of action based upon the allegations of the Petition. Likewise, La. C.C.P. art. 965 allows for a judgment on the pleadings only after the answer of defendant, the defendant’s motion, and a contradictory hearing.
Accordingly, we find that the trial court’s “denial” of Smith’s petition for nullity without affording process for an ordinary action is vacated.
Because of this reversal and remand, the State’s exception of res judicata may be presented to the trial court. The record before us did not contain a sufficient showing of Smith’s plea agreement, as the State never filed responsive pleadings to the Petition for nullity.

\'¡Conclusion

For the reasons set forth above, the judgment denying Smith’s Petition is vacated and this matter is remanded to the district court for further proceedings. Costs of this appeal are assessed to the *33 State in the amount of $424.50, in accordance with La. RS. 13:5112.
VACATED AND REMANDED.
DREW, J., concurs.

.For a full discussion of the facts and circumstances giving rise to the surveillance, a history of Smith’s criminal activities, and a finding of probable cause, see State v. Smith, 49,356 (La.App.2d Cir.11/19/14), 152 So.3d 218.

. Further information in the record indicates that this account was a joint checking account between Smith and his wife.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. State v. Crosby, 338 So.2d 584 (1976).

. From our review of the entire record of the forfeiture action, we find a substantial attempt at compliance by Smith with La. R.S. 40:2601, et seq.¡ in his defense and response to the action before the entry of default.