THERIOT, J.
The defendants-appellants, Dover Construction USA, LLC (Dover) and Hadir Naoum,[1] appeal a default judgment rendered against them by the Office of Workers' Compensation (OWC), District 6, in favor of the plaintiff-appellee, Norberto Zavala. For the following reasons, we affirm the judgment of the OWC in part, vacate in part, and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
On November 5, 2014, Norberto Zavala filed with the OWC a disputed claim for compensation, in which he alleged that on February 14, 2014 he suffered an injury to his lower back, hips, and buttocks while in the scope of his employment with Dover. He alleged that he was on stilts while sanding the roof of a private residence located at 4276 Folse Drive in Metairie, Louisiana, when he lost his balance and fell, resulting in the aforementioned injuries.
*27 He reported this accident to the owner of Dover, who Mr. Zavala knew as "Thomas Naoum." Mr. Zavala claimed Dover refused to approve his disability status or to approve medical treatment, therefore, he alleged he was owed penalties and attorney fees. In naming Dover as a defendant in his disputed claim, Mr. Zavala also included "ATTN: Hadir Naoum," with the address of 4726 Folse Dr., Metairie, Louisiana ("the Metairie address").
Mr. Zavala's first attempt to serve Dover by certified mail was returned as unclaimed on February 3, 2015. On January 21, 2015, Mr. Zavala filed a motion to appoint a process server to serve Dover through "Hadir Naoum" at 5741 Crowder Blvd. B14, in New Orleans, Louisiana. The OWC granted the motion. The special process server issued an affidavit stating that on March 8, 2015, Dover was served through personal service on "Hadir Naoum" at the Metairie address.
On April 27, 2015, Mr. Zavala filed a motion for preliminary default, claiming that Dover had not filed an answer to the disputed claim. The OWC granted the motion. On November 9, 2015, Mr. Zavala filed a motion to amend the disputed claim to include "Nadir Haoum," located at the Metairie address, as an additional defendant. The OWC granted the motion. Dover was served with the amended petition by certified mail with attention to "Hadir Naoum" at the Metairie address. Although a signature appears on the receipt, there is no printed name. "Nadir Haoum" was served with the amended petition by certified mail, also at the Metairie address. The receipt includes a signature but no printed name. Both receipts were received by the OWC on November 30, 2015.
Confirmation of the default was heard on May 19, 2016 and July 13, 2016. Mr. Zavala was present, but neither a representative of Dover nor Mr. Naoum were present. Mr. Zavala testified before the OWC regarding his accident and injury. He presented several exhibits for evidence, including certified medical records of his treatment, his disputed claim, the motion to appoint a process server, the amendment to his disputed claim, confirmation of service on "Nadir Haoum," the motion for preliminary default, bills for medical service, and itemized attorney fees. The OWC concluded that Mr. Zavala made a prima facie case against Mr. Naoum, made findings as to benefits, penalties, and attorney's fees, and rendered judgment against Mr. Naoum for the total of the benefits, penalties, attorney fees, and court costs.
A notice of signing of final judgment was sent by the OWC to Dover, attention to "Hadir Naoum," and to "Nadir Haoum," both at the Metairie address. The certificate on the notice indicates it was mailed by certified mail on August 19, 2016. Both Dover and Mr. Naoum made their first appearance in the instant case on August 25, 2016 with a motion and order to enroll as counsel of record. On August 30, 2016, Dover and Mr. Naoum filed a motion to nullify the judgment, and in the alternative, motion for new trial. Among his numerous allegations in the motion, Mr. Naoum claimed that he was never an employer of Mr. Zavala or of the coworkers Mr. Zavala called as witnesses in the confirmation hearing and that Mr. Naoum never personally saw the amended complaint that included him as a defendant until he received the notice of judgment. The OWC denied the motion ex parte on August 31, 2016. Dover and Mr. Naoum now appeal the default judgment and the denial of the motion to nullify and new trial.
ASSIGNMENTS OF ERROR
Mr. Naoum has cited ten assignments of error, most of which involve the merits of *28 the case. Appellate courts generally will not consider issues raised for the first time on appeal. Mosing v. Domas , 2002-0012 (La. 10/15/02), 830 So.2d 967, 975. The only issues before us are whether Mr. Zavala made a prima facie case in his prayer for a default judgment, whether Mr. Naoum's motion for new trial was properly denied, and whether the default judgment contains any vices of form under La. C.C.P. art. 2002.[2]
STANDARD OF REVIEW
In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. This determination is a factual one governed by the manifest error standard of review. Arias v. Stolthaven New Orleans, L.L.C. , 2008-1111 (La. 5/5/09), 9 So.3d 815, 818. A judgment of default must be confirmed by proof of the demand to establish a prima facie case. La. C.C.P. art. 1702(A) ; NorthShore Regional Medical Center, L.L.C. v. Dill , 2012-0850 (La. App. 1 Cir. 3/22/13), 115 So.3d 475, 479, writ denied, 2013-0866 (La. 5/31/13), 118 So.3d 396.
In ruling on a motion for new trial, the applicable standard of review is whether the trial court abused its discretion. Martin v. Heritage Manor South Nursing Home , 2000-1023 (La. 4/3/01), 784 So.2d 627, 632. In reviewing a decision of the trial court on a petition for nullity, the issue for the reviewing court is not whether the trial court was right or wrong but whether the trial court's conclusions were reasonable. Belle Pass Terminal, Inc. v. Jolin, Inc. , 2001-0149 (La. 10/16/01), 800 So.2d 762, 766.
DISCUSSION
Default Judgment
Louisiana Code of Civil Procedure art. 1702(A) provides, in part, "[a] judgment of default must be confirmed by proof of the demand to establish a prima facie case." A prima facie case is established by evidence that provides the essential allegations of the petition as fully as if each allegation had been specifically denied. When reviewing a default judgment, the court of appeal is restricted to determining whether the record contains sufficient evidence to prove a prima facie case. Clary v. D'Agostino , 95-0447 (La. App. 1 Cir. 12/15/95), 665 So.2d 792, 793-94.
Mr. Zavala testified that he was employed by Hadir Naoum. When asked if Mr. Naoum owned a company, Mr. Zavala stated he did not know the company's name. However, Mr. Zavala testified that he had worked for Mr. Naoum for two years and was paid in cash. Mr. Zavala additionally testified that he was paid $750 weekly by Mr. Naoum. Mr. Zavala called coworkers as witnesses to corroborate that he was employed by Mr. Naoum and that Mr. Zavala was injured by falling from stilts during the course of that employment. Mr. Zavala further presented medical records and medical bills to corroborate his witnesses' testimony. We find the evidence established a prima facie case proving that Mr. Zavala was injured during the scope of his employment with Mr. Naoum, as the final judgment reflects. See Bruno v. Harbert Intern. Inc. , 593 So.2d 357, 361 (La. 1992) ; see also Winfield v. Jiffy Lube , 2001-0341 (La. App. 1 Cir. 3/28/01), 813 So.2d 428, 431.
*29 Motion for New Trial
A motion for new trial shall set forth the grounds upon which it is based. La. C.C.P. art. 1975. Louisiana Code of Civil Procedure art. 1972 sets forth the peremptory grounds granting a new trial, which are: 1) When the verdict or judgment appears clearly contrary to the law and the evidence; 2) When the moving party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial; and 3) When the jury was bribed or has behaved improperly so that impartial justice has not been done. In addition, La. C.C.P. art. 1973 provides that a new trial may be granted in any case if there are good grounds.
The allegations set forth in Mr. Naoum's motion for nullity apply in the alternative to his motion for new trial. Since we find that the default judgment was properly rendered, we do not find it to be contrary to the law and to the evidence. Mr. Naoum has not alleged that he has discovered new evidence which he could not find before with due diligence. Finally, the third peremptory ground in La. C.C.P. art. 1972 is not applicable to the instant case. As Mr. Naoum does not make any allegations relating to the peremptory grounds for granting a new trial found in La. C.C.P. art. 1972, we find the OWC did not abuse its discretion when it denied Mr. Naoum's motion for new trial, nor does the record reveal any good grounds for granting a new trial pursuant to La. C.C.P. art. 1973.
Action of Nullity
Mr. Naoum filed a motion for nullity, a procedural device that does not exist under Louisiana law. Louisiana Code of Civil Procedure arts. 2001 - 2006 provide for an "action of nullity," allowing parties to file a direct action to nullify a prior incorrect judgment. Webster v. Boh Bros. Const. Co., Inc. , 603 So.2d 761, 763 (La. App. 4 Cir. 1992) However, it is well-settled that an absolutely null judgment may also be collaterally attacked by any procedural means short of a petition for nullity, such as a contradictory motion or rule. See Leonard v. Reeves , 2011-1009 (La. App, 1 Cir. 1/12/12), 82 So.3d 1250, 1260.
Louisiana Code of Civil Procedure art. 2002 provides that a final judgment shall be annulled if it is rendered against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken. In Mr. Naoum's motion, he asserted that the amended complaint named "Nadir Haoum," not "Hadir Naoum," as the employer of Mr. Zavala, and therefore he was never named or served as a defendant.
The OWC's sua sponte dismissal of the nullity action without a hearing is without authority under the law. See State v. Smith , 50,408 (La. App. 2 Cir. 4/13/16), 194 So.3d 29, 31-32. The record reflects that the OWC denied the action for nullity ex parte without affording Mr. Naoum the necessary process for an ordinary hearing, such as an evidentiary hearing. The issue of whether Mr. Naoum was served with process as required by law, and thus, whether a valid judgment by default was taken, was never adjudicated contradictorily with Mr. Naoum since the judgment was rendered by default. That question provides the basis for his action for nullity. The OWC's failure to hold an evidentiary hearing on the issue of nullity, and thus its failure to make any factual findings, precludes us from deciding whether the finding of the trial court was reasonable. Therefore, the OWC's dismissal of the nullity action is to be vacated and *30 this matter is remanded to the OWC for a hearing on that issue. Id.
DECREE
The default judgment of the Office of Workers' Compensation, District 6, in favor of the appellee, Norberto Zavala, and against the appellant, Hadir Naoum, is affirmed. The OWC's denial of Hadir Naoum's motion for new trial is also affirmed. The order to deny the motion to nullify the judgment filed by Hadir Naoum is vacated and remanded for further proceedings in conformity with this opinion. Costs of this appeal are assessed equally between the parties.
AFFIRMED IN PART; VACATED IN PART AND REMANDED.
Welch, J. concurs without reasons.
McClendon, J. concurs.

There are two different spellings of Mr. Naoum's name throughout the record. We deem the spelling taken from Mr. Naoum's own pleadings and affidavit to be correct; however, since Mr. Naoum considers the misspelling of his name a critical issue in the instant case, we will use both spellings to illustrate his reasons for filing his motion to annul the default judgment and motion for new trial.

There is no issue on appeal as to whether there are any vices of substance pursuant to La. C.C.P. art. 2004.