Judgment rendered November 20, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,212-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

CLARENCE D. LEWIS                                    Plaintiff-Appellant
#123525, C-1, D-1


                              versus


LOUISIANA STATE UNIVERSITY                           Defendant-Appellees
MEDICAL CENTER SHREVEPORT,
LOUISIANA, DR. AUGUSTINE
UZOMA NJOKU, AND DR. CASEY
MCVEA, RAYMOND LABORDE
CORRECTIONAL CENTER AND
UNIVERSITY HEALTH,
SHREVEPORT, IMPLANT
SPECIALIST, JOHN HENCOCK


                            * * * * *


                       Appealed from the
                First Judicial District Court for the
                    Parish of Caddo, Louisiana
                     Trial Court No. 603,482


                 Honorable Michael Pitman, Judge


                            * * * * *


CLARENCE D. LEWIS                                    Pro Se
RAYMOND LABORDE
CORRECTIONAL CENTER


PETTIETTE, ARMAND, DUNKELMAN,                        Counsel for Appellees
WOODLEY, BYRD & CROMWELL, LLP
By:  Joseph S. Woodley
     Lawrence W. Pettiette, Jr.
     Rendi B. Wiggins


                            * * * * *


          Before MOORE, STEPHENS, and McCALLUM, JJ.

**MOORE, J.**

Clarence Lewis, an inmate acting in proper person, appeals a judgment that sustained an exception of prescription and dismissed his claims of medical malpractice and civil rights violations against BRFHH, dba University Health Shreveport.  We affirm.

Lewis was serving a 15-year sentence at Riverbend Detention Center, in Lake Providence, La., when he suffered symptoms of a heart attack.  He was taken to University Health for, as he recalled, "further testing."  He admits giving consent to Dr. Hencock to perform a coronary angiogram (dye test), but insists that he staunchly refused to let anyone implant any "stents or balloons * * * into his arteries."  However, the next day, he discovered that Drs. Hencock, Morris and Hanner had done precisely that – put stents in his arteries.  He considered this a blatant violations of his rights.[1]

The operation occurred on August 22, 2016, and he was aware of the stents the very next day.

The first filing in this record, however, is not dated until September 14, 2017, and is headed, "Motion for Decretal Order or, in the alternative, Motion to Invoke Supervisory Jurisdiction."  Lewis alleged that in April 2017, he had mailed to the First JDC a § 1983 action against LSU Medical Center, its medical director, directors of surgery and of nursing, University Health, and Dr. Augustine Nijoku, alleging violations of his civil rights (and demanding some $22.65 million in damages); the clerk of court replied that

---

[1] This court is constrained to observe that Lewis signed a "Patient Consent to Treatment" plainly listing "balloon angioplasty, stenting[.]"  This document, dated August 21, 2016, was attached to BRFHH's exception of prescription.

Lewis would have to send a $300 filing fee; Lewis filed a motion for pauper status, which was denied; then, the clerk advised that it would be a $600 filing fee – $300 for the petition and $100 for each additional service. Lewis demanded a "decretal order" to enforce the original statutory filing fee of $300 and to "roll back" the prescriptive period for his civil rights claim. He followed this filing with a letter requesting a separate order "rolling back the prescriptive period" and a request for expedited consideration, attaching a new § 1983 complaint (adding Dr. Hencock and now demanding $24.3 million).

BRFHH initially responded, on October 26, 2017, with a dilatory exception of prematurity urging that Lewis's claim was actually for medical malpractice and he had never filed a request for medical review panel ("MRP") as required under the Medical Malpractice Act, La. R.S. 40:1231.8 B(1)(a)(i).

Perhaps alerted by the reference to the MRP, Lewis wrote an MRP request, dated November 11, 2017, which the Division of Administration received on November 21. He also filed a "judgment of default," on November 17, which the district court summarily denied, and, later, a "dilatory notice of non-action," asserting that the defendants were not responding to his complaints.

BRFHH then filed, in January 2018, an exception of prescription, which is the issue on appeal. This alleged that the healthcare was rendered on August 22, 2016, but Lewis's MRP request was not dated until November 21, 2017, over a year after the alleged malpractice and thus untimely under La. R.S. 9:5628.

The matter proceeded to a hearing over two days in March 2018. On the first day, Lewis participated by phone conference call from his current placement, in Raymond Laborde Correctional Center, in Cottonport. The transcript shows some confusion on his part, and he first insisted he was entitled to a default judgment because nobody had timely responded to his petition. He was also confused that BRFHH could be a qualified healthcare provider, while the other defendants, subject to a different statute, were not.[2] After a patient explanation from the district court, Lewis argued that he had tried to start the process on May 3, 2017, and he had the "papers" to prove it, but there was no way for him to offer these from Cottonport. Indulgently, the court recessed the hearing for two weeks and issued an order letting Lewis out of Laborde for the occasion.

When the hearing resumed with Lewis present, BRFHH introduced its certificate of enrollment and a letter (dated December 5, 2017) advising Lewis that BRFHH is a qualified healthcare provider. Lewis then offered three letters: (1) from PCF saying that University Health and Dr. Hencock are not qualified healthcare providers, (2) his own letter to the Division of Administration, dated November 21, 2017, and (3) and copy of the same letter, showing that it was received on November 27, 2017.

The district court found that the alleged malpractice occurred on August 22, 2016, that Lewis was aware of it by the next day, but that his first request for MRP was not until November 21, 2017, well over one year later. The court also found that Lewis's § 1983 action was not filed until September 14, 2017, also over one year after the alleged tort, but even if it

_____

[2] The other defendants, LSUHSC-S and Drs. Henson and Nijoku, had not even been served at this point. They later filed exceptions of insufficiency of service and of prematurity, which were sustained and are not before the court at this time.

3

had been timely, it would not have interrupted prescription on the malpractice claim. The court sustained the exception of prescription and rendered judgment dismissing all claims against BRFHH.

Lewis took this appeal and, later, was granted pauper status. He assigns one error, edited for clarity:

> It is respectfully submitted that Honorable Judge Michael Pitman has erred in his ruling * * * when he ruled on the defendant's Motion for Peremptory Exceptions, before * * * due process was rendered on plaintiff's preliminary motions and their issues cited, denying the plaintiff his equal protections of the law guaranteed through the 14th Amendment[.]

The thrust of Lewis's "preliminary motions" was that he was entitled to a default judgment because no defendant had answered his pleadings. The record clearly shows, however, that BRFHH filed a dilatory exception of prematurity on October 26, 22 days before Lewis filed his first "judgment of default." Obviously, BRFHH had not "fail[ed] to answer or file other pleadings," La. C.C.P. art. 1701 A. A default judgment entered after the defendant has filed a responsive pleading is an absolute nullity. *Consolidated Res. Inc. v. Siess*, 613 So. 2d 163 (La. 1993); *State v. Smith*, 50,408 (La. App. 2 Cir. 4/13/16), 194 So. 3d 29. Lewis's motion for default judgment was baseless. The district court committed no error in denying it.

Lewis also contends, without specifically designating it as error, that he should get credit for trying to file his § 1983 action on May 3, 2017, within the year, because the First JDC clerk of court arbitrarily refused to issue him a docket number. In support, he supplies a "List of Exhibits to Support Claim," including some 39 items. However, at the hearing on the exception, he offered only three documents. Items not filed in the record cannot be considered on appeal. *Denoux v. Vessel Mgmt. Servs. Inc.*, 2007-

4

2143 (La. 5/21/08), 983 So. 2d 84; *Swaggart v. Doe*, 50,739 (La. App. 2 Cir. 4/5/17), 216 So. 3d 118, *writ denied*, 2017-0758 (La. 9/22/17), 227 So. 3d 822. The documents properly on the record do not support any claim that Lewis was improperly denied access to the courts before the prescriptive period expired. This argument lacks merit.

The record shows that the finding of prescription is not plainly wrong. Because evidence was admitted and the ruling was based on factual findings, manifest error applies. *Powell v. St. Francis Med. Ctr.*, 52,462 (La. App. 2 Cir. 2/27/19), 265 So. 3d 1184. The prescriptive period for both medical malpractice and civil rights violations is one year. La. R.S. 9:5628; *McCoy v. City of Monroe*, 32,521 (La. App. 2 Cir. 12/8/99), 747 So. 2d 1234. Lewis's alleged injuries were sustained on August 22, 2016, but the suit was not filed until September 14, 2017, making it facially prescribed. BRFHH concedes in brief that Lewis attempted to file a petition in June 2017, but filing was not accomplished at that time because he did not pay the filing fee and the court denied his request for pauper status. By Lewis's own admission, the clerk of court fully apprised him of what he needed to do, but the filing was not accomplished until September 14, 2017, making it untimely. Even if Lewis had offered proper evidence, nothing in his argument would be grounds for suspending prescription. *Wells v. Zadeck*, 2011-1232 (La. 3/30/12), 89 So. 3d 1145; *Wells v. Webb*, 48,479 (La. App. 2 Cir. 9/25/13), 125 So. 3d 520. We perceive no legal or factual error in the judgment.

For the reasons expressed, the judgment is affirmed. Clarence Lewis is to pay all costs, in accordance with La. C.C.P. art. 5186.

**AFFIRMED**.